ADRIANA INTERNATIONAL CORPO-
RATION, Plaintiff–counter–
defendant–Appellant,

and

Lewis & Company; L. Burke Lewis;
Amy J. Cassedy; Arthur L. Martin,
Intervenors–Appellants,

v.

Konstantin THOEREN; Patrola Films,
Inc.; Patrola, G.m.b.H.,
Defendants–counter–claimants–Appellees,

v.

Hans A. KUNZ; Anthony M. Midgen;
Kemal Zeinal–Zade; Arian Films Pro-
ductions, Ltd., Third–party–defendants–
Appellants.

Burke LEWIS; Amy J. Cassedy; Arthur
L. Martin; Lewis & Company, Inter-
venors–Appellants,

and

Hans A. Kunz; Anthony M. Midgen; Ari-
an Films Productions, Ltd., Cross–de-
fendants–Appellants,

v.

Konstantin THOEREN, et al.; Patrola
Films, Inc.; Patrola, G.m.b.H., Defen-
dants–counter–claimants–cross–claim-
ants–Appellees.

Nos. 88–6107, 88–6424.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 7, 1990.

Decided Sept. 10, 1990.

Michael K. Collins, Los Angeles, Cal., for appellants Adriana Intern. Corp., et al. and Hans A. Kunz, et al.

L. Burke Lewis, Lewis & Co., Malibu, Cal., for appellant Lewis & Co., et al.

Michael K. Zweig, Sacks & Zweig, Santa Monica, Cal., for appellees Konstantin Thoeren, et al.

Before ALARCON, BRUNETTI and O'SCANNLAIN, Circuit Judges.

BRUNETTI, Circuit Judge:

Adriana International Corporation, Arian Film Productions, Kemal Zade, Hans Kunz and Anthony Midgen (collectively "Adriana") appeal from the district court's dismissal of Adriana International Corporation's complaint, striking of all their answers to cross-claims and entry of default judgment as a sanction for discovery abuses. The court entered a judgment in favor of Thoeren for $8.5 million.[1]

## STANDARD OF REVIEW

The imposition of discovery sanctions pursuant to Fed.R.Civ.P. 37 is reviewed for abuse of discretion. *North American Watch Co. v. Princess Ermine Jewels*, 786 F.2d 1447, 1450 (9th Cir.1986). Absent a definite and firm conviction that the district court made a clear error in judgment, this court will not overturn a Rule 37 sanction. *Halaco Engineering Co. v. Costle*, 843 F.2d 376, 379 (9th Cir. 1988). Findings of fact related to a motion for discovery sanctions are reviewed under the clearly erroneous standard. *Id.* If the district court fails to make factual findings, the decision on a motion for sanctions is reviewed de novo. *United States for the Use and Benefit of Wiltec Guam, Inc. v. Kahaluu Construction Co.*, 857 F.2d 600, 603 (9th Cir.1988).

---

1. During this appeal, appellants fired their attorney, Mr. L. Burke Lewis. Lewis had already filed four opening briefs in the case. Adriana's new attorneys filed the reply brief, which specifically abandons the following arguments raised in the opening briefs: 1) disqualification of Judge Real; 2) disqualification of Thoeren's attorney; 3) impropriety in the appointment of the special master; 4) personal jurisdiction over AFP; and 5) timely service under Fed.R.Civ.P. 4(j) on AFP. Because Adriana abandoned these arguments, we do not address them.

■ We apply an abuse of discretion standard in reviewing all aspects of a district court's decision in imposing sanctions under Rule 11. *Cooter & Gell v. Hartmarx Corp.*, —— U.S. ——, 110 S.Ct. 2447, 2461, 110 L.Ed.2d 359 (1990).

## FACTS AND PROCEEDINGS BELOW

The underlying actions in this case involve an oral agreement between Adriana and Thoeren pursuant to which Thoeren was to produce movies in the Soviet Union. As part of this deal, Adriana Corporation was formed. Thoeren was to own 30% of the stock, in addition to receiving a salary. The remainder of the stock was owned by Kunz, Zade and Midgen. All of the Adriana stock was to be held in trust by Adriana Film Productions (AFP), a Bahamian corporation controlled by Zade in which Kunz and Midgen are officers and directors. No films were ever produced pursuant to the agreement.

In October, 1986 Adriana sued Thoeren for breaching the agreement. Thoeren filed an answer and counterclaims against Adriana Corporation. Thoeren also filed cross-claims against Zade, Kunz, Midgen and AFP. Lewis was hired to represent Adriana Corporation, Zade, Kunz, Midgen and AFP. On December 16, Thoeren requested an initial meeting with counsel pursuant to Local Rule 6. Lewis failed to appear for the meeting.

On December 31, Thoeren served notice of a discovery request seeking depositions on February 5 and production of documents on February 2. Another copy of this request was sent to Adriana on January 30, 1987.

On February 2, 1987 Adriana failed to produce any documents as requested in the December 31 notice and sent no written response. On February 5, 1987 Lewis and his client failed to appear for the properly noticed deposition of Adriana Corporation. On February 9, Lewis served a response to Thoeren's request for production of documents listing various objections.

On February 13, Adriana sent a letter to Thoeren alleging Thoeren's attorney had a conflict of interest and refusing to produce any documents or attend discovery based on this. On February 24, Thoeren again requested production of documents by March 2 and depositions on March 5. On March 2, Adriana refused to produce any documents.

On March 3, the district court ordered Adriana to produce all documents requested and appear for deposition. The court warned Adriana that they were getting into "deep trouble." On March 4, Adriana produced a few documents. On March 24, the court ordered monetary sanctions against Lewis and Adriana for their refusal to sign the Local Rule 6 Joint Statement. On March 16, the court denied Adriana's motion to disqualify Thoeren's counsel and sanctioned them for bringing a frivolous motion. The court also ordered a special master to preside over discovery. Adriana did not pay the court-ordered sanctions when requested by Thoeren on March 17 and 23.

On March 23, the special master ordered Adriana to disclose information regarding AFP. Adriana did not, and Thoeren was unable to serve AFP as the corporation was incorrectly identified in the pleadings. On April 30, the special master ordered Adriana to produce documents no later than May 4 and awarded sanctions against Adriana. On May 4, Adriana again failed to produce documents. The special master found that Adriana's failure to produce documents was willful.

Adriana produced some documents on May 6, 1987. On May 19, the court found Lewis and Adriana in contempt for failure to pay the sanctions ordered on March 16 and sanctioned them an additional $2,500.

On June 8, the special master ordered Adriana to produce documents claimed by Adriana to be privileged. On June 23, Midgen's deposition was to be taken. On that day, Adriana made an oral motion for a protective order to stop all discovery which was denied by the special master. The deposition was canceled due to Lewis' illness and reset for June 24. The special master also ordered production of documents still not produced, and further or-

dered Kunz' deposition on July 7th and 8th, Zade's deposition on July 9th and 10th, and Thoeren's deposition on July 14, 15 and 16.

On July 1, Lewis informed Thoeren that Kunz and Zade would not appear for the depositions. No motions for protective orders were filed. Kunz and Zade failed to appear for depositions on July 7–10. Lewis continued to refuse to produce various documents.

On November 10, the special master again ordered production of documents. The special master gave Adriana twenty days to appeal the order to the district court but Adriana did not. Adriana did not produce the documents.

On November 23, the district court ordered the deposition of Kunz and Zade for December 14. Kunz and Zade failed to appear for depositions and no motions for protective orders were filed.

On February 16, 1988 the district court granted Thoeren's motion to dismiss Adriana Corporation's complaint, to strike Adriana's answers to the cross and counterclaims and to enter a default judgment. The court based its decision on the willful refusal of Adriana, acting through their counsel, to proceed with discovery and to obey the orders of the court and the special master. The court entered a default judgment for $8.5 million for Thoeren against Adriana on April 14. The court amended its judgment on April 29 to correct some clerical errors.

Adriana filed a motion to reconsider the judgment, which was denied. The court sanctioned Adriana under Fed.R.Civ.P. 11 for the motion to reconsider because it was frivolous. Adriana then appealed to this court, presenting a myriad of arguments in their four opening briefs.[2]

## DISCUSSION

### I. Special Master

■ Adriana argues that the special master's actions in imposing discovery sanctions were unconstitutional because the special master was performing the functions of an Article III judge. However, an objection to the appointment of a special master must be made at the time of the appointment or within a reasonable time thereafter or the party's objection is waived. *Spaulding v. University of Washington*, 740 F.2d 686, 695 (9th Cir.), *cert. denied*, 469 U.S. 1036, 105 S.Ct. 511, 83 L.Ed.2d 401 (1984), *overruled on other grounds Atonio v. Wards Cove Packing Co.*, 810 F.2d 1477 (9th Cir.1987).

■ Adriana did not object to the appointment of the special master at the time of the appointment. Adriana attended numerous meetings, depositions and hearings with the special master regarding discovery throughout March, April, May and June of 1987. Adriana finally objected to the appointment of a special master on July 6, 1987. Because the objection was not filed within a "reasonable time" of the appointment, Adriana waived its objection to the special master's appointment.

### II. Rule 37 Dismissal and Default Judgment

The district court imposed the sanction of a default judgment against Adriana pursuant to Fed.R.Civ.P. 37(b) and (d) because of their numerous discovery abuses.[3]

**2.** One of these arguments concerns a request for judicial notice of an action between Thoeren and his insurance company. This other action is not relevant to this case, and we decline to take judicial notice of it.

**3.** Rule 37 provides:
(b) **Failure to Comply with Order.**
.    .    .    .    .
(2) *Sanctions by Court in Which Action is Pending.* If a party or an officer, director, or managing agent of a party or a person designated under Rule 30(b)(6) or 31(a) to testify on behalf of a party fails to obey an order to provide or permit discovery, ... the court in

which the action is pending may make such orders in regard to the failure as are just, and among others the following:
.    .    .    .    .
(B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence;
.    .    .    .    .
(d) **Failure of Party to Attend at Own Deposition or Serve Answers to Interrogatories or Respond to Request for Inspection.** If a party or an officer, director, or managing agent of a party or a person designated under

## A. *Factual Basis for Default*

In their opening brief, Adriana does not dispute the facts but instead argues that their actions do not constitute discovery abuses. The district court found that Adriana, through their counsel, had violated several court orders. The court cited to the failure to produce documents as ordered by the court on March 3 and subsequently by the special master; failure to appear as ordered at deposition on July 7–10, on November 23, and on December 14–16; failure to make themselves available for deposition in June, 1987 and making misrepresentations regarding the depositions; and failure to provide accurate information about the identity of the cross-defendant AFP as ordered by the special master on March 23.

"A determination that an order was disobeyed is entitled to considerable weight because a district judge is best equipped to assess the circumstances of the non-compliance." *Halaco Engineering Co. v. Costle*, 843 F.2d 376, 379 (9th Cir.1988) (citations omitted). Adriana does not dispute the factual findings that they failed to produce documents and show up for depositions. Instead, they argue that their failure to comply with the discovery orders was proper because the initial discovery request served on them by Thoeren on December 31, 1986 was unsigned. However, the discovery request filed with the court on December 31 was signed by Thoeren's counsel as required by the federal rules. Adriana concedes that the original filed with the court was signed. Adriana offers no authority to support its argument that an unsigned copy of a properly signed and filed discovery request is ineffective and can be ignored. Further, Adriana did not object to the request when it was served but waited until after discovery was overdue. Therefore, the initial discovery request was proper.

Adriana also attempts to justify its failure to comply and appear at the depositions on account of illness of both counsel and clients. However, Lewis never sought to postpone the depositions or seek a protective order from the court despite the fact that Lewis knew in advance his clients would not appear. Instead, Lewis and his clients simply failed to appear at the July, November and December scheduled depositions and now try to justify that failure.

█ The court also found that Adriana failed to produce documents throughout the litigation. As set out in the facts, Adriana failed to produce any of the ordered documents on several occasions and, at other times, complied only partially with production orders. Adriana again tries to excuse this behavior, basically arguing that the court's orders were in error. Adriana appealed several of the court's discovery orders to this court without success. Disagreement with the court is not an excuse for failing to comply with court orders.

The record clearly supports the district court's findings that Adriana violated several court orders to produce documents and failed to appear at six separate depositions. Therefore, the main issue in this case is whether the court abused its discretion in finding Adriana's actions warranted a default judgment.

█ Initially, Adriana argues that all of the misconduct outlined above cannot be considered as a whole in determining whether the sanctions were proper. In evaluating the propriety of sanctions, we look at all incidents of a party's misconduct. *See, e.g., Kahaluu*, 857 F.2d at 601–602 (court looked to five separate acts of discovery misconduct in deciding sanctions motion). A court may consider prior misconduct when weighing a subsequent sanction motion. *Halaco*, 843 F.2d at 381, n. 2.

Rule 30(b)(6) or 31(a) to testify on behalf of a party fails (1) to appear before the officer who is to take the deposition, after being served with a proper notice, or (2) to serve answers or objections to interrogatories submitted under Rule 33, after proper service of the interrogatories, or (3) to serve a written response to a request for inspection submitted under Rule 34, after proper service of the request, the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under paragraphs (A), (B), and (C) of subdivision (b)(2) of this rule.

Therefore, the district court properly considered all of Adriana's discovery conduct in deciding Thoeren's motion for default.

Adriana cites to *United States v. National Medical Enterprises, Inc.*, 792 F.2d 906 (9th Cir.1986), in support of its argument. In that case, we held that the district court erred in considering three incidents of misconduct together in ordering dismissal. However, in *National Medical Enterprises*, the third incident that precipitated the dismissal (improper communication with the judge) was in a different context than the first two (discovery abuses). *Id.* at 913. Because the third incident was different in kind, the district court was not allowed to consider all three actions together for purposes of dismissal. Here, however, all the misconduct is of the same type: discovery abuses. Therefore, *National Medical Enterprises* is inapplicable and the district court correctly considered all of Adriana's discovery conduct.

B. *Legal Basis for the Default Sanction* [4]

■ We have identified five factors that a district court must consider before dismissing a case or declaring a default:

> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the other party; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions.

*Malone v. United States Postal Service*, 833 F.2d 128, 130 (9th Cir.1987), *cert. denied sub nom Malone v. Frank*, 488 U.S. 819, 109 S.Ct. 59, 102 L.Ed.2d 37 (1988) (quoting *Thompson v. Housing Authority*, 782 F.2d 829, 831 (9th Cir.), *cert. denied*, 479 U.S. 829, 107 S.Ct. 112, 93 L.Ed.2d 60

(1986)). *See also Wanderer v. Johnston*, 910 F.2d 652, 655–56 (9th Cir.1990).[5] If the district court fails to make explicit findings regarding each of these factors, the appellate court must review the record independently to determine whether the dismissal was an abuse of discretion. *Malone*, 833 F.2d at 130.

Where a court order is violated, the first two factors support sanctions and the fourth factor cuts against a default. Therefore, it is the third and fifth factors that are decisive.

■ A defendant suffers prejudice if the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case. *Id.* at 131. Delay alone has been held to be insufficient prejudice. *See Kahaluu*, 857 F.2d at 604. Failure to produce documents as ordered, however, is considered sufficient prejudice. *Securities and Exchange Comm'n v. Seaboard Corp.*, 666 F.2d 414, 417 (9th Cir.1982).

■ Here, the repeated failure of Adriana to appear at scheduled dispositions compounded by their continuing refusal to comply with court-ordered production of documents constitutes an interference with the rightful decision of the case. Therefore, prejudice has been established under *Malone*.

■ The fifth factor of the *Malone* test is violated if dismissal is imposed without first considering the impact of the sanction and the adequacy of less drastic sanctions. *Malone*, 833 F.2d at 131. This court conducts a three-part analysis when determining whether a district court has properly considered the adequacy of less drastic sanctions: (1) did the court explicitly discuss the feasibility of less drastic sanctions

---

**4.** Although this case involves only a Rule 37 default, we have held that dismissal sanctions under Rule 37 and a court's inherent powers are similar. We, therefore, use cases involving dismissal under Rule 37 and inherent powers interchangeably. *See Kahaluu*, 857 F.2d at 603, n. 5. Further, cases involving a dismissal of plaintiff's complaint as a sanction are comparable to those involving dismissal of a defendant's answer. *Id.* Therefore, we use both types of cases in analyzing the court's dismissal of Adriana International-

al Corporation's complaint and Adriana's answer to the cross-claims.

**5.** In addition, in order to warrant a sanction of dismissal, the party's violations of the court's orders must be due to willfulness or bad faith. *Wyle v. R.J. Reynolds Industries, Inc.*, 709 F.2d 585, 589 (9th Cir.1983). The district court found Adriana's actions here to be willful, and Adriana does not dispute this finding.

and explain why alternative sanctions would be inappropriate, (2) did the court implement alternative sanctions before ordering dismissal, and (3) did the court warn the party of the possibility of dismissal before actually ordering dismissal? *Malone*, 833 F.2d at 132.

■ In this case, the district court did not explicitly discuss the feasibility of alternative sanctions. Generally, a court must consider less alternative sanctions and discuss them before actually dismissing the case. *Kahaluu*, 857 F.2d at 604. However, in egregious cases where the court actually imposes alternative sanctions before default, such an inquiry is not necessary. *Malone*, 833 F.2d at 132.

Here, the court imposed the following sanctions prior to dismissal: monetary sanctions for filing a frivolous motion, for failure to comply with Local Rule 6, for failure to produce documents, and for failure to pay earlier sanctions. Additionally, the court also found Lewis in contempt for failing to pay the sanctions. Adriana continually disobeyed court orders and acted in wilful disruption of the discovery process. Adriana had not complied with past sanctions, and the court had no reason to believe they would in the future. Therefore, the court satisfied the consideration of alternatives requirement here by imposing various other sanctions before dismissal. *See id.*

As set out above, the district court did impose alternative sanctions before dismissing the case, thus satisfying the second prong of the test to determine whether a district court has imposed alternatives to dismissal.

■ The last part of the test looks to whether the district court warned of the possibility of dismissal. *Malone*, 833 F.2d at 132. Adriana claims that, in order for a warning to be adequate under *Malone*, the warning must identify the specific conduct which will trigger the sanction and must identify the specific sanction the court is contemplating. In this case, the court did identify the specific conduct by the plaintiffs that would trigger the sanction. The court stated that if Zade and Kunz failed to appear for the scheduled deposition in December of 1987, "the complaint will be dismissed." This satisfies the requirement that the court identify the party's action that will lead to the sanction. *See In re Rubin*, 769 F.2d 611, 618 n. 7 (9th Cir. 1985).

Adriana also argues that the district court was required to give notice of the specific sanction it was contemplating. Here, the judge warned only of a dismissal, not a default. We have held that an explicit warning is not always necessary. *Kahaluu*, 857 F.2d at 605. *See Malone*, 833 F.2d at 133 (no explicit warning necessary where harsh sanction of dismissal should not have surprised plaintiff who willfully violated court's order).

As in *Malone*, Adriana should not have been surprised that Zade's and Kunz' repeated failure to appear for a deposition would result not only in the dismissal of Adriana's complaint but also in the entry of a default judgment in the case to which Zade and Kunz were parties. Further, Adriana was warned twice by the judge that their discovery conduct was improper. Finally, the court's order on October 28, 1986 warned that a failure to comply with the local rules may result in dismissal. In light of these various warnings, the court provided sufficient notice under *Malone*.

The five-part test announced in *Malone* is viewed as a balancing test. *See, e.g., Kahaluu*, 857 F.2d at 603. In this case, the first three factors weigh in favor of sanctions, dismissal and default. *See Wanderer*, at 656. The fifth factor, consideration of alternatives, also weighs in favor of dismissal or default in light of the district court's repeated use of alternative sanctions, even though the court gave no explicit warning of the default. Consequently, the district court did not abuse its discretion in entering the default.[6]

---

**6.** In order for the sanction to comport with due process, the sanction imposed under Rule 37 must be specifically related to the particular claim which was at issue in the order to provide discovery. *Fjelstad v. American Honda Motor Co., Inc.*, 762 F.2d 1334, 1342 (9th Cir.1985).

Finally, Adriana argues that even if the default was proper, it could only be entered against those individuals who themselves engaged in misconduct. Even assuming Adriana's theory is correct, Zade, Kunz, and Midgen "participated" in misconduct in this case through their involvement with Adriana Corporation. Zade and Kunz failed to appear at depositions in July and December. Adriana Corp. failed to produce documents throughout the litigation. Further, Lewis failed to comply with Local Rule 6 in this case as well as various court orders to compel discovery relating to the cross-claims against Midgen, Zade, Kunz and Adriana Corp. Lewis' misconduct can be imputed to all his clients. *See Hamilton Copper & Steel Corp. v. Primary Steel, Inc.*, 898 F.2d 1428, 1431, n. 2 (9th Cir.1990). Adriana's argument that misconduct by one party cannot be grounds for sanctioning an "innocent" party fails because none of the parties in this case are "innocent."

### III. Damages

■ Adriana contends it was entitled to a jury trial on the issue of damages.[7] However, after a default judgment has been entered under Fed.R.Civ.P. 37(b)(2), a party has no right to jury trial under either Fed.R.Civ.P. 55(b)(2), which authorizes a district court to hold an evidentiary hearing to determine the amount of damages, or the Seventh Amendment. *Henry v. Sneiders*, 490 F.2d 315, 318 (9th Cir.), *cert. denied*, 419 U.S. 832, 95 S.Ct. 55, 42 L.Ed.2d 57 (1974).

■ Adriana also argues that the district court erred in not entering findings of fact pursuant to Fed.R.Civ.P. 52. Rule 52 requires findings of fact to be entered "in all actions tried upon the facts without a jury or with an advisory jury...." However, a default judgment generally precludes a trial of the facts except as to damages. *Brown v. Kenron Aluminum & Glass Corp.*, 477 F.2d 526, 531 (8th Cir. 1973). Therefore, Rule 52 is inapplicable except as to damages. *Id.* Consequently, the trial judge's failure to issue findings of fact regarding Adriana's liability was not in error. *See id.*

Adriana next argues that the district court erred in excluding several pieces of evidence during the damages hearing. We find no abuse of discretion in the trial judge's rulings. The evidence excluded related to the liability of Adriana, an issue that became irrelevant once the default judgment was entered. *See Geddes v. United Financial Group*, 559 F.2d 557, 560 (9th Cir.1977) (general rule is that upon default, allegations of complaint are accepted as true except as to damages).

■ Lastly, Adriana seems to contend that there was insufficient evidence to support the award of damages in this case. Adriana's basic argument is that the judge improperly awarded damages to Thoeren because the *liability* of Adriana was not sufficiently established. Adriana again misunderstands the effect of a default judgment. The default conclusively establishes the liability of Adriana. *Geddes*, 559 F.2d at 560. Therefore, there was sufficient evidence to support the trial court's award of damages to Thoeren.[8]

Adriana raises this argument for the first time in its reply brief. Therefore, we need not address the relatedness issue. *Miller v. Fairchild Industries, Inc.*, 797 F.2d 727, 738 (9th Cir.1986) (issues raised for first time in reply brief generally not addressed). However, Adriana's failure to produce documents and appear for depositions is related to the court's striking their answer and entering a default. *See Hammond Packing Co. v. Arkansas*, 212 U.S. 322, 29 S.Ct. 370, 53 L.Ed. 530 (1909) (striking answer and entering default against a corporate defendant who refused to produce documents or permit its officers to be deposed does not violate due process because its refusal to produce evidence

created a presumption that its asserted defense was meritless).

**7.** Adriana also contends that the district court did not have jurisdiction to award damages based on Thoeren's cross-claims. Thoeren's claims included a federal copyright infringement claim under 17 U.S.C. § 501, et seq., which conferred jurisdiction on the district court pursuant to 28 U.S.C. § 1331. Therefore, the court properly exercised pendent jurisdiction over Thoeren's other state law claims under 28 U.S.C. § 1441(c).

**8.** Adriana argues that Thoeren was improperly awarded damages for his defamation claim.

Adriana also argues that the court erred in awarding punitive damages against Adriana International Corporation, Zade and Kunz because the court prevented them from presenting any evidence of their net worth. However, the record does not show any offer of proof of net worth to be admitted at the default hearing. Because neither Adriana Corp., Zade or Kunz offered to put their net worth into evidence, they cannot now complain that the district court erred in refusing to admit such evidence.

The district court awarded $1 million in punitive damages against Adriana International Corporation, and $750,000 apiece against Zade and Kunz. The court had sufficient evidence of the net worth of Adriana, Zade and Kunz from the declarations of Thoeren, Zade and Kunz to determine the appropriate amount of punitive damages. *See Professional Seminar Consultants, Inc. v. Sino American Technology Exchange Council, Inc.*, 727 F.2d 1470, 1473 (9th Cir.1984). In light of the amount of compensatory damages awarded and Adriana's egregious conduct, the district court did not abuse its discretion in fixing punitive damages at this level. *Id.*

Adriana also argues that emotional distress damages are not available as a damage for fraud; and were awarded to Thoeren in error. Thoeren was awarded $200,000 in emotional distress damages against Zade, Kunz and Midgen on his third claim for relief for fraud. Thoeren's third claim for relief alleged that Zade, Kunz and Midgen entered into the contract without any intention to perform the agreement. This cause of action for fraud is governed by Cal.Civ.Code § 3343. This statute allows recovery for ordinary consequential damages and does not authorize an award of damages for emotional distress. *O'Neil v. Spillane*, 45 Cal.App.3d, 147, 159, 119 Cal.Rptr. 245 (1975). Thus, the award of $200,000 to Thoeren for emotional distress was improper.[9]

## IV. Monetary Sanctions

Prior to the dismissal, the district court sanctioned Lewis for filing frivolous motions to reconsider and to disqualify counsel, and failing to join in the early meeting of counsel report as required by Local Rule 6. The court also found Lewis in contempt for failing to pay the sanctions. Lewis and Adriana now appeal the award of sanctions and the contempt finding.[10]

Fed.R.Civ.P. 11 allows a court to award sanctions where a party makes a frivolous filing or where a party files a pleading or paper for an improper purpose. *Greenberg v. Sala*, 822 F.2d 882, 885 (9th Cir.1987). A filing is frivolous if no competent attorney would believe it was well-grounded in fact and warranted by law. *Id.* Lewis was sanctioned for both the motion to reconsider and the motion to disqualify counsel because the district court found them to be frivolous.[11] We

However, no damages for defamation were given by the trial court.

9. Adriana also contends that the district court's use of findings prepared by Thoeren's counsel invalidates the court's orders. However, although the practice of a prevailing party preparing findings is discouraged in this circuit, it is not objectionable as long as the findings are supported by the record. *Kern Oil & Refining Co. v. Tenneco Oil Co.*, 840 F.2d 730, 734 (9th Cir.), *cert. denied*, 488 U.S. 948, 109 S.Ct. 378, 102 L.Ed.2d 367 (1988). Because the findings are supported by the record in this case, the fact that Thoeren prepared the court's findings is of no consequence.

10. The sanctions were awarded against Lewis and his clients. Therefore, Lewis remains in the case as an intervenor to appeal the grant of sanctions. Because plaintiffs can be held ac-

countable for Lewis' conduct, *see Malone*, 833 F.2d at 134, this section analyzes the appropriateness of the sanctions against Lewis and Adriana together. If the sanctions are proper against Lewis, then they can also be enforced against his clients.

11. Lewis raises several arguments in his reply brief, including the constitutionality of the special master's appointment. However, Lewis' brief was to address only those issues relating to the Rule 11 sanctions imposed against him. The special master imposed none of the monetary sanctions at issue on appeal. Thus, Lewis' arguments regarding the special master are irrelevant.

Lewis' other arguments regarding the default judgment, the *Kordich* case, the motion for substitution, the performance by Adriana's new

review all aspects of a district court's Rule 11 determination for abuse of discretion. *Cooter & Gell*, 110 S.Ct. at 2461.

Lewis argues the sanctions were improper because Judge Real should have been disqualified because of his ex parte communications with the special master. However, this argument was not presented in their opening brief. Therefore, we do not address it on appeal. *Miller v. Fairchild Industries, Inc.*, 797 F.2d 727, 738 (9th Cir.1986).

▮▮▮ Lewis also argues that Judge Real should have been disqualified pursuant to 28 U.S.C. § 455(a) because of an alleged financial interest in the case. The Supreme Court has said that § 455(a) is violated if a judge is not recused when a reasonable person, knowing the relevant facts, would expect that a judge knew of circumstances creating an appearance of partiality. *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 860–61, 108 S.Ct. 2194, 2202–03, 100 L.Ed.2d 855 (1988) (quoting *Health Services Acquisition Corp. v. Liljeberg*, 796 F.2d 796, 802 (5th Cir.1986)).

Lewis presents no facts that create an appearance of partiality in this case. Lewis argues that Judge Real was biased because of a financially beneficial relationship between the special master and Judge Real. However, Lewis offers no objective proof of this relationship. The district court correctly denied the motion to disqualify Judge Real. Therefore, it did not violate § 455(a) for Judge Real to remain on this case. Consequently, Judge Real had authority to issue discovery orders in this case.

▮▮▮ The district court also imposed sanctions for Lewis' motion to disqualify Thoeren's attorney. The essence of Lewis' motion to disqualify Thoeren's attorney was that Thoeren's attorney had a conflict of interest because he had represented Adriana as well. However, Lewis offered no facts showing an attorney-client relation-

ship except that Thoeren's attorney attended a meeting of Adriana two weeks after Thoeren resigned from Adriana and sent a settlement letter to Adriana. This evidence does not show that Thoeren's attorney ever represented Adriana. Therefore, the district court did not abuse its discretion in imposing sanctions for the motion to disqualify.

Lewis was also sanctioned for bringing a frivolous motion to reconsider the amended judgment. Thoeren filed a Fed.R.Civ.P. 60(a) motion to correct errors in the original judgment. The amended order was entered on April 29, 1988. Adriana filed a motion to reconsider on May 13, after the ten day time limit to file such motions established by Rule 59(e) had expired. Adriana's substantive position raised no new evidence or issues of law. Thus, the court did not abuse its discretion in finding the motion frivolous.

The amount of the sanction is reviewed for an abuse of discretion. *Zaldivar v. City of Los Angeles*, 780 F.2d 823, 828 (9th Cir.1986). The judge awarded $2,300 for the motion to reconsider and $4,955 for the motion to disqualify based on the attorney's fees incurred by Thoeren in opposing these motions. The court's award of sanctions, based on Thoeren's attorney's fees, was appropriate. Fed.R.Civ.P. 11 ("an appropriate sanction ... may include an order to pay to the other party ... the amount of the reasonable expenses incurred because of the filing of the (abusive) pleading ... including a reasonable attorney's fee.")

Lewis was also sanctioned $990 for violating Local Rule 6, which requires counsel to meet early in the litigation. As the chronology indicates, Lewis failed to comply with this rule by not showing up at the scheduled meetings and failing to sign the Local Rule 6 statement. Lewis does not dispute that the court had the authority to enter this sanction under the local rules; rather, he argues that he did not violate the rule.[12] However, the district judge's con-

---

counsel, and personal jurisdiction over AFP are all outside the scope of Lewis' reply brief, which was limited to issues regarding the monetary

sanctions imposed against Lewis. Therefore, we do not address the merits of his contentions.

**12.** In the reply brief, Lewis argues that the sanctions for the local rule violations were improper

clusion that Lewis did violate the rule is supported by the record and, thus, the sanction was not an abuse of discretion.

The court also found Lewis in contempt for failure to obey the court's orders of March 16 and 24 to pay sanctions to Thoeren. Lewis clearly violated the court's orders by refusing to pay the sanctions. The contempt citation was proper.

## V. Additional Sanctions

■ Thoeren seeks attorney's fees and any other relief this court deems appropriate. Under Fed.R.App.P. 38 this court has discretion to award attorney's fees and single or double costs as a sanction for bringing a frivolous appeal. An appeal is considered frivolous if the result is obvious or the appellant's arguments are wholly without merit. *Glanzman v. Uniroyal, Inc.*, 892 F.2d 58, 61 (9th Cir.1989).

The opening briefs in this case are frivolous. The arguments raised by Lewis are rehashings of the facts and present hardly any legal analysis. Because the new attorneys for Adriana substantially improve the arguments in the reply brief, we award attorney's fees and double costs against appellants and Lewis only, and not Adriana's new counsel.

■ Further, the opening briefs all use one-and-one half line spacing as opposed to the double spacing required by Fed.R.App.P. Rule 32(a). 28 U.S.C. § 1927 authorizes sanctions for an attorney's failure to comply with our rules governing the form of briefs. *See Hamblen v. County of Los Angeles*, 803 F.2d 462, 464–65 (9th Cir. 1986). Therefore, Lewis and Adriana are sanctioned for their failure to comply with Fed.R.App.P. 32(a). A separate order will be filed regarding the determination of the amount of the sanctions on appeal.

## CONCLUSION

The district court's entry of default was a proper sanction for the outrageous behavior of Adriana in this case. The mone-

because no bad faith was shown and the sanction was excessive. However, we do not address this argument because it was raised for the first time in the reply brief. *Miller v. Fair-*

tary sanctions were similarly proper. The award of damages is also affirmed except as to the $200,000 awarded to Thoeren as emotional distress damages for the fraud claim which is reversed. We affirm in part, reverse in part and remand for the entry of a new judgment that does not include damages for emotional distress.

AFFIRMED IN PART, REVERSED IN PART AND REMANDED.

*child Industries, Inc.*, 797 F.2d 727, 738 (9th Cir.1986) (issues raised for first time in reply brief will not be addressed).