FILED

**NOT FOR PUBLICATION**

OCT 17 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAY JOHNSON and MARGIE JOHNSON, | No. 12-55420 |
| Plaintiffs-Appellees, | DC No. 2:10-cv-03907-PSG-VBK |
| v. | |
| ROBERT M. GOLDSMITH and CATHERINE H. GOLDSMITH, | MEMORANDUM* |
| Defendants-Appellants. | |

Appeal from the United States District Court
for the Central District of California
Phillip S. Gutierrez, District Judge, Presiding

Submitted October 11, 2013**
Pasadena, California

Before:    KLEINFELD and CHRISTEN, Circuit Judges and SEDWICK,
District Judge.***

_____

*This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3(a).

**This panel unanimously finds this case suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

***The Honorable John W. Sedwick, Senior United States District Judge for the District of Alaska, sitting by designation.

Robert M. Goldsmith and Catherine H. Goldsmith appeal from the decision of the district court which imposed a case-dispositive sanction by striking their answer and ordering entry of default. We review a decision to impose such a sanction for an abuse of discretion. Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills, 482 F.3d 1091, 1096 (9th Cir. 2007).

Before imposing a case dispositive sanction a trial judge must consider five factors: "'(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.'" Id. at 1096 (quoting Jorgensen v. Cassiday, 320 F.3d 906, 912 (9th Cir. 2003)). Obviously, the first and second factors ordinarily will support the sanction while the fourth factor ordinarily will not. The third and fifth factors are generally determinative in deciding whether there was an abuse of discretion. See Adriana Intern. Corp. v. Thoeren, 913 F.2d 1406, 1412 (9th Cir. 1990).

Here, the trial judge found the Goldsmith's behavior during the discovery process prejudicial to the Johnsons. However, no motion to compel compliance with discovery obligations was made and the trial court issued no order to comply with them. The prejudice to the Johnsons from the Goldsmith's failure to comply

with the pretrial order was delay. Delay alone is insufficient to support a case-dispositive sanction. Id.

Here, the controlling consideration is the fifth factor—consideration of less drastic sanctions. As we have explained, the fifth factor should be analyzed with an eye on three considerations: Did the trial court consider less drastic sanctions; did it attempt to use them; and did it warn the party to be sanctioned that a case-dispositive sanction might be imposed. Conn. Gen. Life Ins. Co., 482 F.3d at 1096. The trial court did not specifically consider any less drastic sanction, much less attempt to use one, and gave no warning to the Goldsmiths that it would consider a case-dispositive sanction. On the record here, this was an abuse of discretion.

Because we reverse for failure to adequately consider less drastic sanctions, we express no opinion on the other issues discussed in the briefs.

The Johnsons' motion to strike is denied as moot.

REVERSED AND REMANDED.