**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHELLE MOSS, an individual; et al., | No. 12-57117 |
| Plaintiffs - Appellants, | D.C. No. 2:11-cv-09098-RGK-E |
| v. | |
| THE CITY OF LOS ANGELES; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Submitted July 11, 2016[**]
San Francisco, California

Before: CLIFTON, N.R. SMITH, and CHRISTEN, Circuit Judges.

Plaintiffs appeal the district court's dismissal of their lawsuit with prejudice

for failure to prosecute. Plaintiffs concede they did not intend to prosecute their

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

claims, but contend dismissal should have been without prejudice. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We look to five factors to determine whether the district court abused its discretion by dismissing with prejudice for failure to prosecute: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits[;] and (5) the availability of less drastic sanctions." *Omstead v. Dell, Inc.*, 594 F.3d 1081, 1084 (9th Cir. 2010) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). All but the fourth factor weigh in favor of affirming the district court. The first factor (public interest in expeditious resolution of litigation) always favors dismissal. *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). The second factor (the court's need to manage its docket) also weighs in favor of dismissal. The court, which was "in a superior position to evaluate the effects of delay," *id.*, had already denied Plaintiffs' requests to extend time or to dismiss without prejudice, The third factor (prejudice to defendants) weighs in favor of dismissal because Plaintiffs' actions "impair[ed] [Defendants'] ability to go to trial." *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1412 (9th Cir. 1990). The fifth factor (availability of lesser sanctions) also weighs in favor of dismissal with prejudice; the court had already

2

considered the lesser sanction of dismissal without prejudice and determined it would not be appropriate.[1]

Plaintiffs contend the district court abused its discretion by erroneously concluding that "by law [the dismissal for failure to prosecute is] always . . . with prejudice." ER 11. This error was harmless; the court had already concluded weeks earlier that Defendants would be unduly prejudiced by dismissal without prejudice. Similarly, Plaintiffs' contention that the court abused its discretion because it gave no warning before dismissing with prejudice is unfounded. Plaintiffs indicated that they did not wish to proceed with their case and the district judge informed Plaintiffs' counsel at the hearing prior to dismissal that the case would be dismissed for lack of prosecution based on Plaintiffs' refusal to move forward.

Plaintiffs also ask us to review the court's prior order denying their motion to dismiss the case without prejudice. But interlocutory orders like this one "are

---

[1] The only remaining claims at the time the case was dismissed were state law claims. Plaintiffs had previously moved to amend the complaint to substitute real parties for ten unnamed Doe defendants. The court denied their motion; that denial was not appealed. Plaintiffs then withdrew all federal claims.

3

not appealable after a dismissal for failure to prosecute." *Al-Torki v. Kaempen*, 78 F.3d 1381, 1386 (9th Cir. 1996).[2]

AFFIRMED.

---

[2] Defendants' July 15, 2013 Motion to Take Judicial Notice (ECF No. 26) is denied.