NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAR 27 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CORY SPENCER, an individual; et al., | No. 18-55364 |
| Plaintiffs-Appellants, | D.C. No. 2:16-cv-02129-SJO-RAO |
| v. | |
| LUNADA BAY BOYS; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

| | |
|---|---|
| CORY SPENCER, an individual; et al., | No. 18-55383 |
| Plaintiffs-Appellees, | D.C. No. 2:16-cv-02129-SJO-RAO |
| v. | |
| BRANT BLAKEMAN, an individual member of the Lunada Bay Boys, | |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
S. James Otero, District Judge, Presiding

Argued and Submitted February 5, 2020
Pasadena, California

Before: IKUTA, CHRISTEN, and LEE, Circuit Judges.

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Cory Spencer, Diana Reed, and the Coastal Protection Rangers (CPR) appeal the district court's grant of summary judgment in favor of City of Palos Verdes Estates and its former police chief. We affirm in part, reverse in part, and remand solely for the court to reduce the sanctions award against Brant Blakeman.

1. Spencer and Reed are surfers who faced harassment by a territorial surf gang known as the Lunada Bay Boys in Palos Verdes Estates. The plaintiff-appellants sued the City and its former chief of police, Jeff Kepley, for failing to adequately protect non-residents from the Lunada Bay Boys.

2. <u>Standing:</u> The district court did not err in finding that the CPR lacked organizational and associational standing to pursue an equal protection claim sounding in racial or gender discrimination. CPR raised these theories for the first time in their opposition to summary judgment. CPR also cannot claim associational standing because it has not identified any individual member who has standing to sue in his or her own right. *See United Food & Commercial Workers Union Local 751 v. Brown Grp., Inc.*, 517 U.S. 544, 555 (1996).

3. <u>Privileges and Immunities Claim</u>: The district court properly dismissed the Privileges and Immunities claim. We review dismissals under Federal Rule of Civil Procedure 12(b)(6) de novo. *See Zimmerman v. City of Oakland*, 255 F.3d 734, 737 (9th Cir. 2001). The Privileges and Immunities Clause under Article IV bars discrimination against out-of-state residents, not in-

2

state residents. *See Hawaii Boating Ass'n v. Water Transp. Facilities Div.*, 651 F.2d 661, 666 (9th Cir. 1981) (ruling that Privileges and Immunities Clause does not apply where in-state plaintiffs challenge an allegedly discriminatory state or municipal policy).

Here, Spencer and Reed are both California residents and challenge actions by Palos Verdes Estates. This court's *Hawaii Boating Ass'n* ruling alone ends the inquiry. Moreover, CPR's claim under the Privileges and Immunities Clause of Article IV fails because it does not have associational standing, and it may not assert such a claim on its own behalf because it is a corporation. *See Shell Oil Co. v. City of Santa Monica*, 830 F.2d 1052, 1058 n.7 (9th Cir. 1987).

4. <u>Equal Protection Claim</u>: The district court did not err by granting summary judgment in favor of the City and Kepley on the plaintiff-appellants' Equal Protection Claim. We review a district court's grant of summary judgment de novo. *See Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001) (en banc).

In their complaint, the plaintiff-appellants alleged only discrimination against non-residents of the City of Palos Verdes Estates. On appeal, however, they try to also allege racial and sex discrimination. But because their complaint alleges discrimination based only on non-resident status, we will not entertain this belated new theory. *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1292 (9th Cir. 2000). Rational basis review thus applies to the Equal Protection Clause claim

based on non-resident status. *See Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 589–90 (9th Cir. 2008).

As a threshold matter, the record is devoid of any genuine dispute of material fact showing that the City or Police Chief Kepley discriminated against Spencer or Reed in its provision of services. The City provided extra police patrols to Spencer upon request during his visit to Lunada Bay, and the City ultimately investigated Reed's complaint and made an arrest. The plaintiff-appellants have presented no evidence that the police services provided to them are inferior to the police services provided to residents. *See Elliot-Park v. Manglona*, 592 F.3d 1003, 1006 (9th Cir. 2010).

The record also shows that the City took significant efforts to curb the Bay Boys' actions. For example, the City assigned extra police patrols to Lunada Bay, passed an ordinance barring persons from blocking access to the beach, and placed fliers encouraging surfers to report incidents. Perhaps the City could have done more (as the plaintiff-appellants point out), but it also has other competing public safety issues that it must address with limited police resources.

In order to assert a claim under the Equal Protection Clause, CPR must allege that it was treated differently as an organization. *See, e.g.*, *Ctr. for Reprod. Law & Policy v. Bush*, 304 F.3d 183, 197 (2d Cir. 2002). It has presented no such evidence. Finally, because the claims of each named plaintiff fails, the district

court did not err by denying the motion to certify the class. *Cf. Employers-Teamsters Local Nos. 175 & 505 Pension Tr. Fund v. Anchor Capital Advisors*, 498 F.3d 920, 924 (9th Cir. 2007).

5.      Rule 37(e) Sanctions Against Blakeman: The district court erred by imposing $68,223.13 in spoliation sanctions against Blakeman for deleting four text messages involving another Bay Boy defendant. We review decisions imposing discovery sanctions pursuant to Federal Rule of Civil Procedure 37(e) for abuse of discretion. *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1408 (9th Cir. 1990). Underlying factual findings are reviewed for clear error. *Id.*

The district court did not clearly err by finding that Blakeman spoliated four text messages. Nor did it abuse its discretion by ordering the sanctions award. But it calculated the final award amount by including costs and attorneys' fees for an anticipated deposition that never occurred, totaling $10,589.60. Inclusion of these costs and fees was error. *See Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1186 (2017) (holding that sanctions "must be compensatory rather than punitive in nature") (internal quotation marks and citations omitted). We reverse and remand only for the court to reduce the sanctions award against Blakeman by $10,589.60.

**AFFIRMED IN PART, REVERSED IN PART, and REMANDED.**