NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 9 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| 640 OCTAVIA, LLC,<br><br>              Plaintiff-Appellant,<br><br>  v.<br><br>KARL HEINZ-PIEPER,<br><br>              Defendant-Appellee. | No.    19-15935<br><br>D.C. No. 3:18-cv-01047-WHA<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
William Alsup, District Judge, Presiding

Submitted April 7, 2021[**]
Pasadena, California

Before:  W. FLETCHER, WATFORD, and HURWITZ, Circuit Judges.

640 Octavia, LLC, appeals a district court judgment, entered after a jury trial, in this diversity action against Karl Heinz Pieper.  The jury found that Pieper's roommate had not created a nuisance in a building owned by Octavia through frequent sexual encounters in Pieper's apartment with strangers, many of whom

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

arrived in the evening or early morning.  Octavia asserts that three evidentiary errors by the district court require reversal.  Reviewing for abuse of discretion, *Harper v. City of Los Angeles*, 533 F.3d 1010, 1030 (9th Cir. 2008), we affirm.

1. The district court did not abuse its discretion in admitting testimony that Octavia's owner and sole member, Edward Kountze, laughed and patted a friend on the back after that friend yelled a homophobic slur at a passerby.  Kountze's apparent endorsement of the slur was probative with respect to Pieper's affirmative defenses concerning landlord harassment and bias.  That the language was inflammatory does not command a finding of undue prejudice in a case in which allegations of discrimination were made.  *See United States v. Cox*, 963 F.3d 915, 925 (9th Cir. 2020) (recognizing that evidence in certain types of cases is inherently "emotionally charged"); *United States v. Ellis*, 147 F.3d 1131, 1135 (9th Cir. 1998) (noting that unfair prejudice under Rule 403 exists when the evidence invites decision on an "improper basis") (cleaned up).

2.  Neither procedural nor substantive prejudice resulted from the district court's admission of a video of Kountze making a throat-slitting gesture in front of Pieper's door.  Although Pieper failed to produce the video during discovery, Kountze knew about it before testifying and nonetheless denied that he made the gesture.  *See Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1412 (9th Cir. 1990) (stating that prejudice occurs when a discovery violation "impair[s] the defendant's ability to go

to trial or threaten[s] to interfere with the rightful decision of the case"). Any danger of undue substantive prejudice was addressed by the district court's extensive limiting instruction, telling the jury that the video could only be considered to impeach Kountze's testimony that he had never made such a gesture. We "presume that juries will follow the district court's limiting instructions." *United States v. Mende*, 43 F.3d 1298, 1302 (9th Cir. 1995); *see also United States v. Escalante*, 637 F.2d 1197, 1202 (9th Cir. 1980).

3. Nor do we find the district court's exclusion of evidence of Pieper's related litigation reversible error. The district court's reference to avoiding "side shows" shows it "implicitly made the necessary [Rule 403] finding." *United States v. Ramirez-Jiminez*, 967 F.2d 1321, 1326 (9th Cir. 1992). Moreover, any error in exclusion of the evidence was harmless. The jury was aware of the hostile relationship between Pieper, Kountze, and Kountze's partner, and the fact that Pieper had initiated a separate suit against them alleging tenant harassment would not have led to a different outcome. *See Boyd v. City & Cnty. of San Francisco*, 576 F.3d 938, 943 (9th Cir. 2009).

**AFFIRMED.**