**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 11 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GLOBAL MASTER INTERNATIONAL GROUP, INC.; GLOBAL MASTER CORPORATION, | No. 21-55809 |
| | D.C. No. 2:19-cv-10360-RGK-PLA |
| Plaintiffs-Appellants, | |
| v. | MEMORANDUM* |
| ESMOND NATURAL, INC.; PAUL CHIA-YIN WEI, | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Argued and Submitted August 30, 2022
Submission Withdrawn January 18, 2023
Resubmitted August 7, 2023
Pasadena, California

Before: M. SMITH and R. NELSON, Circuit Judges, and DRAIN,** District Judge.

Plaintiffs-Appellants Global Master International Group, Inc. ("GMIG") and

---

\*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*    The Honorable Gershwin A. Drain, United States District Judge for the Eastern District of Michigan, sitting by designation.

Global Master Corporation ("GMC") (collectively, "Global Master") appeal the district court's denial of their motion to extend discovery; denial of sanctions against defendants; grant of summary judgment on GMIG's Racketeer Influenced and Corrupt Organizations Act (RICO) claim; and exclusion of evidence at trial on their related state-law claims. We have jurisdiction under 28 U.S.C § 1291.

The panel reviews the grant of summary judgment on GMIG's RICO claim de novo, and the rest of Global Master's claims for abuse of discretion. *See, e.g.*, *Ikuno v. Yip*, 912 F.2d 306, 309 (9th Cir. 1990) (applying de novo review to RICO appeal of summary judgment grant); *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (reviewing scheduling order extension motion for abuse of discretion); *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1408 (9th Cir. 1990) (reviewing imposition of discovery sanctions for abuse of discretion); *United States v. Mitchell*, 502 F.3d 931, 964 (9th Cir. 2007) (reviewing evidentiary exclusions for abuse of discretion).

1.     The district court did not abuse its discretion by not extending the discovery cutoff beyond January 23, 2021. The district court applied the correct legal standard by determining whether Global Master showed good cause and properly determined whether Global Master was diligent. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609–10 (9th Cir. 1992); Fed. R. Civ. P. 16(b)(4). In so doing, the district court determined that Global Master's untimely motion

lacked good cause for yet another extension. As in *Noyes v. Kelly Services*, we apply a discretionary, fact-intensive inquiry. 488 F.3d 1163, 1173, 1174 n.6 (9th Cir. 2007). Given the extensive motions practice between the parties and the court, Global Master was on notice of the scheduling order's strict application, and they should have been diligent in discovery.

2.      The district court did not abuse its discretion by not imposing sanctions against Esmond Natural for alleged discovery violations. The court declined to impose sanctions because it perceived the sanctions motion as an attempt to circumvent the previously denied discovery extension and denied the motion for the same reasons. Because the district court's denial of the discovery extension was not an abuse of discretion, its denial of sanctions was not a "clear error of judgment." *See Halaco Eng'g Co. v. Costle*, 843 F.2d 376, 379 (9th Cir. 1988).

3.      The district court did not err in granting summary judgment on GMIG's RICO claim because GMIG failed to establish any triable issues of fact with respect to Esmond Natural's alleged predicate acts. *See United Bhd. of Carpenters & Joiners of Am. v. Bldg. & Constr. Trades Dep't, AFL-CIO*, 770 F.3d 834, 837 (9th Cir. 2014) (listing elements of civil RICO claims). GMIG alleged predicate acts of mail and wire fraud, but the only evidence proffered were two exhibits containing (1) copies of purchase orders between Defendants and GMIG and (2) "certificates of analysis" between the Defendants and various out-of-state manufacturers that

3

allegedly show that the Defendants "communicated" with out-of-state manufacturers. These do not establish mail or wire fraud. Even if communication transmission could be a "step in the plot" of a fraudulent scheme, GMIG proffered no evidence to support that Esmond Natural used wire or mail to specifically further any fraudulent scheme directed at GMIG. *See United States v. Garlick*, 240 F.3d 789, 795 (9th Cir. 2001).

4. The district court did not err in excluding the contents of Esmond Natural's alleged work order sheets as inadmissible hearsay. At trial, the district court authenticated the form of the work order sheets because they were similar to work order sheets that Global Master's witness, Anson Hsu, had worked with. But because Hsu was unfamiliar with the contents of the proffered work order sheets and played no role in creating them, the court excluded their contents. The district court's evidentiary rulings were not "(1) illogical, (2) implausible, or (3) without support in inferences that may be drawn from the facts in the record." *United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc). The district court appropriately considered the facts in the record and determined that the contents of the orders were out-of-court statements offered to prove the truth of the matter asserted: that Esmond Natural was incorrectly filling Global Masters' orders.

Nor did the district court abuse its discretion by finding that the contents of the work orders were not covered by exceptions or exclusions to the hearsay rule

under Federal Rules of Evidence 801(d)(2) and 803(6).  The district court did not err in declining to admit the work order contents as statements of an opposing party under Rule 801(d)(2).  Esmond Natural disputes that the work order sheets proffered by Global Master were theirs, and the record is unclear as to when, and by whom, the orders were made.

The district court did not abuse its discretion in its application of Rule 803(6).  To establish a business record exception, the sponsoring witness must provide trustworthy testimony that the record was written at or near the time by, or from information transmitted by, someone with knowledge and that the record was made and kept during regularly conducted business.  *See* FED R. EVID. 803(6).  Because Hsu's involvement in the record-keeping process was disputed; Hsu did not allege that he had any involvement in or knowledge of the orders' creation; the validity of the proffered sheets was in question; and the record provides no support that the sheets were kept as part of regular business, the district court did not err in concluding that the sheets do not qualify for the business records exception.

**AFFIRMED in part.**[1]

---

[1] We address GMC's RICO challenge separately in an opinion filed concurrently with this memorandum disposition.  For the reasons explained in our separate opinion, we **REVERSE** the district court's grant of summary judgment on GMC's RICO claim.