NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

NOV 25 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

METRICOLOR LLC,

Plaintiff - Appellant,

v.

L OREAL USA, INC; L OREAL USA
PRODUCTS, INC.; L OREAL USA S D
INC; REDKEN 5TH AVENUE NYC, LLC,

Defendants - Appellees.

No. 24-3747

D.C. No.
2:18-cv-00364-CAS-E

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
Christina A. Snyder, District Judge, Presiding

Argued and Submitted October 22, 2025
Pasadena, California

Before: R. NELSON and VANDYKE, Circuit Judges, and COLE, District Judge.**

Plaintiff-Appellant Metricolor LLC appeals the district court's order

dismissing its trade secret misappropriation case as a sanction for fabricating,

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Douglas Russell Cole, United States District Judge for
the Southern District of Ohio, sitting by designation.

withholding, and destroying evidence. We have jurisdiction under 28 U.S.C. § 1291. We review the imposition of discovery sanctions for abuse of discretion. *Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007). And we do not set aside factual findings underlying a sanctions order unless they are clearly erroneous. *Anheuser-Busch, Inc. v. Nat. Beverage Distribs.*, 69 F.3d 337, 348 (9th Cir. 1995). We affirm.

1.      The district court did not abuse its discretion by imposing a terminating sanction under Federal Rule of Civil Procedure 37, its inherent powers, or both. *See* Fed. R. Civ. P. 37(b)(2)(A); *Anheuser-Busch*, 69 F.3d at 348. The district court properly applied our multi-part "test" to determine the appropriateness of a case-dispositive discovery sanction. *See Conn. Gen.*, 482 F.3d at 1096. "This 'test' is not mechanical. It provides the district court with a way to think about what to do, not a set of conditions precedent for sanctions or a script that the district court must follow." *Id.*

Given the sheer volume of Metricolor's misconduct in the record—and Metricolor's unimpressive excuses both below and on appeal—the district court's conclusion that Metricolor's misconduct resulted from "willfulness, bad faith, and fault" was not clearly erroneous. *Id.* Metricolor forfeited any arguments about "the public's interest in expeditious resolution of litigation" and the district court's "need to manage its dockets" by not addressing these factors below or in its opening brief.

*Id.* And L'Oréal was at significant "risk of prejudice" because Metricolor deleted evidence that could have been relevant to L'Oréal's claims. *Id.*; *see Leon v. IDX Sys. Corp.*, 464 F.3d 951, 960 (9th Cir. 2006). Further, "public policy favoring disposition of cases on their merits" weighs against Metricolor because its misconduct made "it impossible for [the] court to be confident that the parties [would] ever have access to the true facts." *Conn. Gen.*, 482 at 1096–97 (cleaned up). And not only did the district court find that Metricolor's actions "cast doubt on the veracity and integrity of all evidence in this case," it also found very little non-fabricated evidence to support Metricolor's claims on the merits. *See id.* at 1097. These conclusions were not clearly erroneous. Finally, the district court properly considered "the availability of less drastic sanctions," *id.* at 1096, implemented lesser sanctions first, and warned Metricolor of the possibility of dismissal. Together, these factors make clear that the district court did not abuse its discretion by issuing a terminating sanction for Metricolor's fabrication, withholding, and destruction of evidence.

Metricolor's arguments to the contrary are either forfeited or wholly unpersuasive. First, because Metricolor never argued to the district court that it needed to segregate its sanctions analysis by type of document or spoliation, Metricolor forfeited its argument about cumulative sanctions. *See O'Guinn v. Lovelock Corr. Ctr.*, 502 F.3d 1056, 1063 n.3 (9th Cir. 2007). In any event, this

argument fails because "all the misconduct is of the same type: discovery abuses." *Adriana Intern. Corp. v. Thoeren*, 913 F.2d 1406, 1412 (9th Cir. 1990). Second, the district court sanctioned Metricolor for fabricating, deleting, and withholding documents—not for waiting too long to turn over an expert's computer forensic report that evidenced some of these violations. Metricolor misapprehends the district court's order on this point. Finally, Metricolor's arguments about the availability of lesser sanctions fail because the district court did consider and reject lesser sanctions. *See Conn. Gen.*, 483 F.3d at 1096.

2. Metricolor's argument that the district court failed to make the necessary findings under Federal Rule of Civil Procedure 37(e) to impose a sanction for destroying evidence also fails. Metricolor forfeited this argument by failing to argue below that the district court had to make a different set of findings. *See O'Guinn*, 502 F.3d at 1063 n.3. Regardless, the district court evaluated the appropriate factors and made the findings necessary to satisfy Rule 37(e), even if it did not explicitly invoke that rule. *See Jones v. Riot Hosp. Grp.*, 95 F.4th 730, 735 (9th Cir. 2024). The court found that the information was permanently lost, Metricolor acted with the intent to deprive L'Oréal of the ESI in the litigation, and lesser sanctions could not address the deletion. *See* Fed. R. Civ. P. 37(e)(2). Additionally, any error stemming from the court not relying on Rule 37(e) was harmless because Metricolor's misconduct also included withholding and

fabricating evidence, not just destroying ESI.  Whether under Rule 37, its inherent powers, or both, the district court did not abuse its discretion by imposing terminating sanctions.

**AFFIRMED.**