F. 2d 590, 595 (CA9 1985) (order challenged by trial participants), cert. denied, 476 U. S. 1158 (1986). That approach conflicts directly with the approach taken by the Sixth Circuit, which held in *CBS Inc.* v. *Young*, 522 F. 2d 234, 239 (1975), that "the conclusion is inevitable that [such a restraining order] constitutes a prior direct restraint upon freedom of expression." Moreover, the Second Circuit's adoption of a "reasonable likelihood" standard conflicts with the Sixth Circuit's "clear and present danger" standard. *Id.*, at 238. Because of the importance of this issue and the conflicting resolutions given it by the Courts of Appeals, I would grant the petition for certiorari.

No. 88–263. GENERAL MOTORS CORP. *v.* GLENN ET AL. C. A. 11th Cir. Certiorari denied. JUSTICE BRENNAN and JUSTICE WHITE would grant certiorari.

No. 88–452. TENNECO OIL CO. *v.* KERN OIL & REFINING CO. C. A. 9th Cir. Certiorari denied. JUSTICE STEVENS took no part in the consideration or decision of this petition.

No. 88–5011. JEFFRIES *v.* WASHINGTON. Sup. Ct. Wash.;
No. 88–5336. GONZALEZ *v.* CALIFORNIA. Sup. Ct. Cal.;
No. 88–5461. CAMPBELL *v.* KINCHELOE, SUPERINTENDENT, WASHINGTON STATE PENITENTIARY. C. A. 9th Cir.;
No. 88–5544. CLEMMONS *v.* MISSOURI. Sup. Ct. Mo.; and
No. 88–5593. HEISHMAN *v.* CALIFORNIA. Sup. Ct. Cal. Certiorari denied.

JUSTICE BRENNAN and JUSTICE MARSHALL, dissenting.

Adhering to our views that the death penalty is in all circumstances cruel and unusual punishment prohibited by the Eighth and Fourteenth Amendments, *Gregg* v. *Georgia*, 428 U. S. 153, 227, 231 (1976), we would grant certiorari and vacate the death sentences in these cases.

No. 88–5347. PATILLO *v.* GEORGIA. Sup. Ct. Ga. Certiorari denied.

JUSTICE BRENNAN, dissenting.

Adhering to my view that the death penalty is in all circumstances cruel and unusual punishment prohibited by the Eighth