Louis SCHWARTZ, Plaintiff–Appellant,

v.

FLORIDA BOARD OF REGENTS; George C. Bedell, individually and in his official capacity as Interim Chancellor of the Fla. Board of Regents; Barbara Newell, individually and in her official capacity as Chancellor of the Fla. Board of Regents; Bernard M. Sliger, individually and in his official capacity as Pres. of FSU; Caesar Naples, individually and in his official capacity as chief labor negotiator for the Fla. Board of Regents; and James L. Gant, individually and in his official capacity as Dean of the FSU College of Education, Defendants–Appellees.

Louis SCHWARTZ, Plaintiff–Appellee,

v.

FLORIDA BOARD OF REGENTS; George C. Bedell, individually and in his official capacity as Interim Chancellor of the Florida Board of Regents; Barbara Newell, individually and in her official capacity as Chancellor of the Florida Board of Regents; Bernard M. Sliger, individually and in his official capacity as President of FSU; Caesar Naples, individually and in his official capacity as chief labor negotiator for the Florida Board of Regents; and James L. Gant, individually and in his official capacity as Dean of the FSU College of Education, Defendants–Appellants.

Nos. 89–3278, 90–3657.

United States Court of Appeals, Eleventh Circuit.

July 25, 1991.

John D. Carlson, Gatlin, Woods, Carlton & Cowdery, Tallahassee, Fla., for Louis Schwartz.

Harry F. Chiles, Asst. Atty. Gen., Dept. of Legal Affairs and Gerald B. Jaski, University Atty., Florida State University, Tallahassee, Fla., for Florida Bd. of Regents, et al.

Before KRAVITCH and COX, Circuit Judges, and RONEY, Senior Circuit Judge.

## I. FACTS AND PROCEDURAL HISTORY

PER CURIAM.

Dr. Louis Schwartz is a male professor in the College of Education at Florida State University (FSU). Dr. Schwartz filed this suit against the Florida Board of Regents and various individuals alleging violations of various statutory and constitutional provisions that prohibit disparity in pay based upon sex. Schwartz alleges that female professors in the College of Education were paid a higher salary than comparable male professors. The facts underlying Schwartz's claims are discussed in detail in *Schwartz v. Florida Board of Regents*, 807 F.2d 901, 902–05 (11th Cir.1987).

The district court originally found, after trial, that Schwartz had not established a disparity in pay based upon sex and thus failed to present a prima facie case. *Id.* at 905. We reversed this decision, concluding that the court erred in its analysis of whether Schwartz had proven a pay disparity. *Id.* at 907–08. We remanded the case for a fresh determination of that issue by the district court using the proper analysis. *Id.*

On remand the district court conducted an additional evidentiary hearing. At this hearing Schwartz presented more statistical data that he alleges show a pay differential between Schwartz's salary and the salary paid to female professors in the College of Education. The defendants also presented additional evidence in an attempt to refute Schwartz's allegation of pay disparity. Ultimately the court found that Schwartz had sustained his burden of proving that a pay disparity exists, thus shifting the burden to the defendants to show non-discriminatory reasons for the disparity. The court concluded that the disparity is not the result of sex discrimination, finding that Schwartz had not shown that the defendants' reasons for the disparity were pretextual. Judgment was then entered for the defendants on all claims. The court awarded the defendants, as the prevailing parties, court costs. Both Schwartz and the defendants appeal.

## II. CONTENTIONS ON APPEAL

Schwartz maintains that the district court erred in its application of this court's prior opinion in this case. Schwartz also asserts that the court's finding that the defendants established non-discriminatory reasons for the pay disparity is clearly erroneous. Additionally Schwartz argues that the court erred by denying him relief on his Title VII and section 1983 claims. The defendants argue that the court erred in determining the amount of costs awarded them.

## III. DISCUSSION

### A. Equal Pay Act

Initially, Schwartz argues that this court's prior opinion restricted the district court's inquiry on remand to the sole issue whether Schwartz established a pay disparity. Schwartz argues that this court's prior opinion held that the defendant had failed to establish non-discriminatory reasons for the pay differential and therefore the district court on remand should not have addressed that issue. We disagree. Our prior opinion does not address in any way whether the defendants established non-discriminatory reasons for the pay differential. Because the district court origi-

nally found no pay disparity, we were not confronted on appeal with the issue of whether the defendants established non-discriminatory reasons for the pay disparity. Our opinion dealt solely with the correct method to determine whether Schwartz established a prima facie case under the Equal Pay Act.

■ Next Schwartz asserts that the district court erred by finding that the defendants established non-discriminatory reasons for the pay differential. To establish a prima facie case under the Equal Pay Act the plaintiff is required to prove at trial "that an employer pays different wages to employees of opposite sex 'for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions.'" *Corning Glass Works v. Brennan*, 417 U.S. 188, 195, 94 S.Ct. 2223, 2228, 41 L.Ed.2d 1 (1974) (quoting 29 U.S.C. § 206(d)(1)). "Once the plaintiff has established a prima facie case, the burden shifts to the employer to prove that the difference in pay is justified by one of the four exceptions to the Equal Pay Act: (i) a seniority system; (ii) a merit pay system; (iii) a system which measures earnings by quantity or quality of production; or (iv) a differential based on any factor other than sex." *Brock v. Georgia Southwestern College*, 765 F.2d 1026, 1036 (11th Cir.1985) (citing 29 U.S.C. § 206(d)(1)). If the employer establishes that the disparity is justified by one of these exceptions then the plaintiff must come forward with affirmative evidence that indicates that the proffered reason for the disparity is actually a pretext for sex discrimination. *Id.*

■ A district court's decision that an employer has established one of the four exceptions to the Act and shown that sex provided no basis for the pay disparity is a finding of fact and will not be reversed on appeal unless clearly erroneous. *Brock,*

765 F.2d at 1036. Schwartz asserts that the court, relying on the second exception to the Equal Pay Act, found that a formal merit pay system accounted for the pay differential. The defendants argue that the court relied upon the fourth statutory exception, any factor other than sex, in concluding that the defendants satisfied their burden. The defendants assert that the difference in pay resulted from raises given to the faculty based upon service to the university, publication, administrative duties, meritorious research, supervision of doctoral students, and performance. They argue that these factors are sufficient to fall within the fourth statutory exception as factors other than sex.

■ The district court's findings of fact require a conclusion that the salary disparity resulted from factors other than sex.[1] The district court found as a fact that discretionary raises given in the disputed years were based upon the following factors: outstanding service to the university, administrative duties, publications, research, supervision of doctoral students, and performance. There is evidence in the record supporting that finding; it is not, therefore, clearly erroneous. These factors are not based on sex and are sufficient to sustain an employer's burden to show that the salary disparity does not result from sex discrimination. *See Wu v. Thomas*, 847 F.2d 1480, 1485 (11th Cir. 1988) (administrative duties, service to university and participation in Honors program are legitimate factors other than sex that can account for a pay differential). Schwartz argues that these factors are too subjective and cannot be relied upon unless they are part of a formal merit pay system. We disagree. So long as subjective business justifications, not part of a merit system, are not overly subjective so as to render them incapable of being rebutted, they are legitimate factors to be con-

---

**1.** We need not decide if the court found that the pay disparity was the result of a merit system sufficient to qualify as an exception to the Equal Pay Act because even if the district court found a merit system and erred in doing so, we would still affirm the district court's decision based upon the court's explicit factual finding that

factors other than sex caused the pay disparity. These factors fall within the fourth exception to the Equal Pay Act as factors other than sex. *See SEC v. Chenery Corp.*, 318 U.S. 80, 88, 63 S.Ct. 454, 459, 87 L.Ed. 626 (1943) (a district court's decision may be affirmed upon any proper basis).

sidered. *See Fowler v. Blue Bell, Inc.*, 737 F.2d 1007, 1011 (11th Cir.1984) (subjective business justifications that are capable of objective evaluation are sufficient to sustain defendant's burden of rebuttal in Title VII case). The factors relied upon by the district court are sufficiently objective to allow them to be rebutted and thus are properly considered.

### B. Title VII

█ Schwartz argues that he was prevented from participating in a sex equity study for the academic year 1980–81 on the basis of his sex and this violated Title VII, 42 U.S.C. § 2000e *et seq.* The defendants concede that Schwartz was not allowed to participate in the equity study for that academic year because only females were allowed to participate. The district court found, however, that even if Schwartz had participated in the 1980–81 equity study he would not have received a pay adjustment as a result of the study because his salary differential was not the result of sex discrimination. Substantial evidence supports that finding. Schwartz was not, therefore, entitled to relief under Title VII.

### C. Section 1983

█ Schwartz's section 1983 claims involve alleged due process and equal protection violations relating to the procedures used to handle his sex equity pay studies for the academic years 1981–82 and 1982–83. The district court found no discrimination. There was evidence at trial indicating that neither Dr. Oseroff, in 1981–82, nor Dr. Wallat, in 1982–83, reviewed Schwartz's equity study before sending the studies to the Dean. Dr. Oseroff did not review Schwartz's equity studies in 1981–82 because as acting chairman he did not believe he had the background to evaluate the study. Dr. Wallat did not review Schwartz's equity study in 1982–83 because as a new chairman of the department she was not familiar with this process nor with Schwartz's comparators and she felt it would be better not to review the study but instead refer it to the dean. This evidence does not demonstrate a violation of Schwartz's due process or equal protection rights.

### D. Costs

The defendants appeal the district court's award of costs. They argue that they are entitled to an amount greater than the amount awarded by the court. Specifically, the defendants argue that they are entitled to recover the amount awarded to Schwartz as costs on appeal following this court's prior reversal of the district court's judgment. Schwartz was awarded these costs as the prevailing party on appeal. We find the defendants' argument without merit.

AFFIRMED.