**Velta D. LAWRENCE, Plaintiff,**

v.

**WESTERN PIPE SERVICE, Defendant.**

**No. CV–92–N–0102–S.**

United States District Court,
N.D. Alabama, S.D.

Jan. 27, 1993.

Samuel Fisher, Gordon Silberman Wiggins & Childs, Birmingham, for plaintiff.

Albert C. Bowen, Jr., Beddow Erben & Bowen, Birmingham, Powell Lipscomb, III, Calvin D. Biggers, Powell Lipscomb & Associates, Bessemer, for defendant.

ORDER

EDWIN L. NELSON, District Judge.

In this action the plaintiff initially sought reinstatement to her former position, backpay with interest and litigation expenses, including attorneys fees. On her claim under the Equal Pay Act, 29 U.S.C. § 206(d), the jury found in her favor and awarded damages in the amount of $350.00. It spe-

cifically found that the defendant's violation was not willful. The court declined to award liquidated damages, finding that the defendant acted in good faith. On the plaintiff's Title VII claims that she was discharged and refused rehire based upon her sex, the court ruled in favor of the defendant. Now, the plaintiff has petitioned the court for an award of attorney fees of $27,255.00 and litigation expenses of $1,886.27—a total of $29,141.27.

The period for which the plaintiff sought relief began at the beginning of 1990 and ended with the date of the trial, i.e. December 1, 1992. The potential recovery in the form of backpay amounted to several thousands of dollars.[1] Had the plaintiff prevailed and had she been found entitled to reinstatement or frontpay, the recovery would have amounted to several more thousands of dollars. In these circumstances, the plaintiff's actual recovery may aptly be labelled de minimis.

■■■ A plaintiff is a "prevailing party" for attorney fee purposes when the actual relief on the merits of her claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff. *Hewitt v. Helms*, 482 U.S. 755, 107 S.Ct. 2672, 96 L.Ed.2d 654 (1987); *Rhodes v. Stewart*, 488 U.S. 1, 109 S.Ct. 202, 102 L.Ed.2d 1 (1988); *Texas State Teachers Assn. v. Garland Independent School Dist.*, 489 U.S. 782, 109 S.Ct. 1486, 103 L.Ed.2d 866 (1989). The plaintiff here won a judgment for $350.00 and, thus, is a "prevailing party" in order to claim an award of attorney fees. In a recent case, however, the United States Supreme Court said,

Although the "technical" nature of a nominal damages award or any other judgment does not affect the prevailing party inquiry, it does bear on the propriety of fees awarded under § 1988. Once civil rights litigation materially alters the legal relationship between the parties, "the degree of the plaintiff's overall suc-

cess goes to the reasonableness" of a fee award under *Hensley v. Eckerhart*, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). *Garland, supra*, 489 U.S., at 793, 109 S.Ct., at 1493. Indeed, "the most critical factor" in determining the reasonableness of a fee award "is the degree of success obtained." *Hensley, supra*, 461 U.S., at 436, 103 S.Ct., at 1941. Accord, *Marek v. Chesny*, 473 U.S. 1, 11, 105 S.Ct. 3012, 3017, 87 L.Ed.2d 1 (1985). In this case, petitioners received nominal damages instead of the $17 million in compensatory damages that they sought. This litigation accomplished little beyond giving petitioners "the moral satisfaction of knowing that a federal court concluded that [their] rights had been violated" in some unspecified way. *Hewitt, supra*, 482 U.S., at 762, 107 S.Ct., at 2676. We have already observed that if "a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount." *Hensley, supra*, 461 U.S., at 436, 103 S.Ct., at 1941. Yet the District Court calculated petitioners' fee award in precisely this fashion, without engaging in any measured exercise of discretion. "Where recovery of private damages is the purpose of ... civil rights litigation, a district court, in fixing fees, is obligated to give primary consideration to the amount of damages awarded as compared to the amount sought." *Riverside v. Rivera*, 477 U.S. 561, 585, 106 S.Ct. 2686, 2700, 91 L.Ed.2d 466 (1986) (Powell, J., concurring in judgment). Such a comparison promotes the court's "central" responsibility to "make the assessment of what is a reasonable fee under the circumstances of the case." *Blanchard v. Bergeron*, 489 U.S. 87, 96, 109 S.Ct. 939, 946, 103 L.Ed.2d 67 (1989). Having considered the amount and nature of damages awarded, the court may lawfully award low fees or no fees without reciting the 12 factors bearing on

---

1. Wages alone lost by the plaintiff from the time of her discharge until the date of trial exceeded $30,000.00. The value of other benefits, such as retirement and health care, would have increased the damages significantly.

reasonableness, *see Hensley*, 461 U.S., at 430, n. 3, 103 S.Ct., at 1937–1938, n. 3, or multiplying "the number of hours reasonably expended ... by a reasonable hourly rate," *id.*, at 433, 103 S.Ct., at 1939.

*Farrar v. Hobby*, —— U.S. ——, ——, 113 S.Ct. 566, 574–575, 121 L.Ed.2d 494, 505 (1992).[2] Though *Farrar* was a case decided under 42 U.S.C. § 1988, that does not prevent its application to this claim under the Equal Pay Act. Fee and cost awards under the E.P.A. may be analogized to similar claims in civil rights cases. *Glenn v. General Motors Corp.*, 841 F.2d 1567, 1574 (11th Cir.1988), *cert. den.*, 488 U.S. 948, 109 S.Ct. 378, 102 L.Ed.2d 367 (1988). In *Hensley v. Eckerhart*, 461 U.S. 424, 433 n. 7, 103 S.Ct. 1933, 1939 n. 7, 76 L.Ed.2d 40, 50 n. 7 (1983), the court said that the "standards set forth in this opinion are generally applicable in all cases in which Congress has authorized an award of [attorney] fees to a 'prevailing party.'" The court is satisfied that the holding of *Farrar* is fully applicable to this E.P.A. fee claim.

■ The court observed the trial of this action as well as pretrial preparation and, from such observation, is persuaded that very little of the total effort of counsel was devoted to the E.P.A. claim, the only claim upon which the plaintiff was successful. Furthermore, little, if any, of the matters covered by the claims for litigation costs was used in pursuit of the successful claim. The court notes that counsel has made no apparent effort to segregate his claims as between the successful and the unsuccessful claims. On balance, and in the exercise of discretion, the court finds that a reasonable fee for plaintiff's counsel in this action, including costs of litigation, is Two Thousand, Five Hundred and no/100 Dollars ($2,500.00).

Accordingly, it is hereby ORDERED that judgment be entered in favor of the plaintiff and against the defendant in the amount of Two Thousand, Five Hundred and no/100 Dollars ($2,500.00) for attorney fees and costs of litigation.

Done.

---

2. Concurring in *Farrar*, Justice O'Connor explained why district courts are not always required to engage in the twelve-factor attorney fee analysis typical of such cases. See, *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir.1974).

As a matter of common sense and sound judicial administration, it would be wasteful indeed to require that courts laboriously and

mechanically go through those steps when the de minimis nature of the victory makes the proper fee immediately obvious. Instead, it is enough for a court to explain why the victory is de minimis and announce a sensible decision to "award low fees or no fees" at all.
—— U.S. ——, ——, 113 S.Ct. 566, 576 (O'Connor, J., concurring).