Barbara R. IRBY, Plaintiff,

v.

John Cary BITTICK, in his capacity as Sheriff of Monroe County, GA, et al., Defendants.

Civ. A. No. 92–404–3–MAC (WDO).

United States District Court, M.D. Georgia, Macon Division.

Sept. 8, 1993.

Susan S. Cole, John William Collier, Macon, GA, for plaintiff.

W. Franklin Freeman, Jr., Forsyth, GA, for defendants.

**634**

## *ORDER*

OWENS, Chief Judge.

Before the court are cross motions for summary judgment in this Equal Pay Act case. Plaintiff Barbara Irby ("Irby") brought suit against her employers, Sheriff John Bittick ("Bittick") and the Monroe County Board of Commissioners ("Monroe County"), under the Equal Pay Act, 29 U.S.C. § 206(d); the Civil Rights Act of 1871, 42 U.S.C. § 1983; the Fourteenth Amendment to the United States Constitution; and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

### *I. FACTS*

Plaintiff Irby is a female deputy sheriff with the Monroe County Sheriff's Department, investigation division. The Sheriff's Department is divided into three divisions: support services, patrol, and investigation. No rank is attached to any particular division and deputies can be transferred among them. Instead, rank is achieved by promotion to sergeant, lieutenant, or captain, with a corresponding pay increase.

Plaintiff Irby was hired by the Monroe County Sheriff's Department in 1987 and initially served in the investigations division as an undercover drug agent. She subsequently worked in the support services department before being transferred back to investigations where she presently serves. The five other Monroe County investigators are all male and are paid substantially more than plaintiff. (Plaintiff's Exhibit 1.) However, all Monroe County deputies hired in 1987, including plaintiff, earned the same salary regardless of gender. (Bittick Affidavit, Exhibit A.) Further, with the exception of Deputies Ronnie Evans and Robert Jones (hereinafter "Evans and Jones"), deputies

are hired at the same salary, which is set annually, regardless of gender, education or prior experience.[1] (*Id.*)

Plaintiff Irby urges the court to use Deputies Evans and Jones as comparators as they are paid more than she although they perform equal work and have similar responsibilities. In July 1983, Deputies Evans and Jones began working for the investigations unit of the Monroe County Sheriff's Department under a contract for services between the City of Forsyth ("Forsyth"), Monroe County, and Sheriff Bittick. Pursuant to the contract, Forsyth paid the salaries of the two deputies; however, they were deputized and served under Sheriff Bittick under State law. (Bittick Affidavit, Exhibit C.) In exchange, the Monroe County Sheriff's Department agreed to provide felony and drug investigation services to Forsyth. (*Id.*) Forsyth terminated the contract in 1988, at which time, Sheriff Bittick hired Evans and Jones. In 1988, Monroe County paid Evans and Jones the same salary which they had been receiving from Forsyth under the contract even though this was substantially more money than Monroe County paid incoming deputies.[2] Sheriff Bittick explained that this differential was based on unique circumstances and explained that he did not want the two deputies to take a pay cut while performing the same job for Monroe County. (Bittick Deposition, pp. 16–17.)

### *II. SUMMARY JUDGMENT STANDARD*

█ The Court should grant summary judgment only if "there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The applicable substantive law identifies which facts are material in the case. *Anderson v. Liberty Lobby, Inc.,*

---

1. For example, in 1987, Sheriff Bittick hired Deputy Tisdale, a high school graduate who has worked in law enforcement since 1971; Deputy Coughenour, a college graduate with experience as a jailer; Deputy Cook, who attended a technical college for three quarters and has no law enforcement experience; Deputy Purvis, a college graduate who has worked in law enforcement since 1974; and Deputy Irby, who attended a technical college and has worked in law enforcement since 1981. All five deputies were

hired at an annual salary of $14,292.60 in 1987. Four of the five deputies were still employed in 1993 and earned $18,519.80 with the exception of Purvis who had been promoted to Sergeant and earned slightly more.

2. In 1989, Evans and Jones earned $23,987.50 each, while new recruits were paid $15,028. The figures for 1988 are unclear. (Bittick Affidavit, Exhibit B.)

477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). "The movant bears the initial burden to show, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir.1991). When the *moving* party has the burden of proof at trial, that party must carry its burden at summary judgment by presenting evidence affirmatively showing that, "on all the essential elements of its case ..., no reasonable jury could find for the non-moving party." *United States v. Four Parcels of Real Property*, 941 F.2d 1428, 1438 (11th Cir.1991) (en banc). When the *non-moving* party has the burden of proof at trial, the moving party may carry its burden at summary judgment either by presenting evidence negating an essential element of the non-moving party's claim or by pointing to specific portions of the record which demonstrate that the non-moving party cannot meet its burden of proof at trial; merely stating that the non-moving party cannot meet its burden at trial is *not* sufficient. *See Clark*, 929 F.2d at 606–608 (explaining *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970) and *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)). Any evidence presented by the movant must be viewed in the light most favorable to the non-moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970).

■ If—and *only* if—the moving party carries the initial burden, then the burden shifts to the non-moving party "to demonstrate that there is indeed a material issue of fact that precludes summary judgment." *Clark*, 929 F.2d at 608. The non-moving party cannot carry its burden by relying on the pleadings or by repeating conclusory allegations contained in the complaint. *Morris v. Ross*, 663 F.2d 1032, 1033–34 (11th Cir. 1981), *cert. denied*, 456 U.S. 1010, 102 S.Ct. 2303, 73 L.Ed.2d 1306 (1982). Rather, the non-moving party must respond by affidavits or as otherwise provided in Fed.R.Civ.P. 56. "[T]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255, 106 S.Ct. at 2513. A genuine issue of material fact will be said to exist "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248, 106 S.Ct. at 2510.

The time for filing materials in opposition to the motions for summary judgment has expired, and the motions are ripe for consideration. The court will proceed to review the applicable substantive law and inquire whether the parties have carried their burdens. *See Clark*, 929 F.2d at 609 n. 9.

### III. ANALYSIS

The Equal Pay Act, 29 U.S.C. § 206(d)(1), provides that no employer shall discriminate between employees on the basis of sex by paying an employee at a lower rate than that which he pays an employee of the opposite sex "for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions...." 29 U.S.C. § 206(d)(1). This prohibition has four exceptions: "where such payment is made pursuant to (i) a seniority system; (ii) a merit system; (iii) a system which measures earnings by quantity or quality of production; or (iv) a differential based on any other factor other than sex." *Id.*

■ An employee establishes a prima facie case by showing that her employer has paid different wages to male and female employees for "equal work" as defined by the Act. *Corning Glass Works v. Brennan*, 417 U.S. 188, 195, 94 S.Ct. 2223, 2228, 41 L.Ed.2d 1, 10 (1974); *E.E.O.C. v. White & Son Enterprises*, 881 F.2d 1006, 1009 (11th Cir.1989). Once a prima facie case is established, the burden shifts to the employer to justify the disparity by affirmatively proving one of the four exceptions listed in the Act. *Corning Glass*, 417 U.S. at 196–97, 94 S.Ct. at 2229; *Price v. Lockheed Space Operations Co.*, 856 F.2d 1503, 1505 (11th Cir.1988). If the employer establishes that the pay disparity is because of one of the four exceptions, then plaintiff must produce affirmative evidence that the proffered reason is a pretext for gender discrimination. *Schwartz v. Florida Board of Regents*, 954 F.2d 620, 623 (11th Cir.1991).

636

■ Plaintiff has established a prima facie case of discrimination in pay under the Act. This defendants do not dispute. (Brief in Support of Defendants' Response to Plaintiff's Motion for Summary Judgment, p. 16.) A prima facie case is established by showing discrimination in terms of pay vis-a-vis one employee of the opposite sex. *Price,* 856 F.2d at 1505. Plaintiff has pointed to the disparity between her salary and that of deputies Evans and Jones.

In response, defendants assert the affirmative defenses that the pay disparity is due to a seniority system and a factor other than sex. Defendants must not only produce evidence of a statutory exception, they must affirmatively prove the defense by a preponderance of the evidence.[3] *Schwartz,* 954 F.2d at 623; *Price,* 856 F.2d at 1505; *Glenn v. General Motors Corp.,* 841 F.2d 1567, 1569 (11th Cir.), *cert. denied,* 488 U.S. 948, 109 S.Ct. 378, 102 L.Ed.2d 367 (1988).

### A. SENIORITY SYSTEM

■ Defendants argue that they have an informal seniority system where all new hires, except for deputies Evans and Jones, enter at the same rate of pay and all deputies receive annual percentage rate across-the-board increases. Neither the Act nor case-law is specific concerning the essentials of a valid seniority system. However, a seniority system, like a merit system, should be uniformly enforced and written. *See Brock v. Georgia Southwestern College,* 765 F.2d 1026, 1036 (11th Cir.1985) (requiring formal and systematic merit systems).

■ Defendants' seniority system is not a valid defense to plaintiff's prima facie case of a violation of the Equal Pay Act. The system is neither uniformly applied nor written; defendants admit that Evans and Jones were paid considerably more than starting salary when they were put on the Monroe County

payroll. While the system may be uniformly applied to all employees other than Evans and Jones, it does not justify the pay disparity between plaintiff and coworkers Evans and Jones.

### B. FACTOR OTHER THAN SEX

The fourth exception to the Equal Pay Act justifies a pay disparity between employees of opposite sexes due to a legitimate "factor other than sex." The Eleventh Circuit considered this fourth exception in *Glenn v. General Motors Corp.,* 841 F.2d 1567, 1570–71 (11th Cir.1988), and interpreted the legislative history to limit the "factor other than sex" exception to circumstances where the disparity results from "unique characteristics of the same job; from an individual's experience, training, or ability; or from special exigent circumstances connected with the business." *Id.* at 1571. Defendants argue that they started Evans and Jones at their prior salaries because of the unique circumstances of their having worked in the Monroe County Sheriff's Department for five years under the contract with the City of Forsyth and their experience with Monroe County specifically. Sheriff Bittick also states that he didn't want the deputies to take a cut in pay when they would be performing the same job.

■ Prior salary alone is not a legitimate "factor other than sex". *Id.* If prior salary alone were a justification, the exception would swallow up the rule and inequality in pay among genders would be perpetuated. However, Sheriff Bittick considered the prior experience of Deputies Evans and Jones with his own department and with the Monroe County community when determining their salaries.[4] Sheriff Bittick distinguished between prior experience with his department and prior experience in general. While this distinction may be a narrow one, it is not

---

**3.** The employer's burden differs substantially between the Equal Pay Act and Title VII. *Miranda v. B & B Cash Grocery Store, Inc.,* 975 F.2d 1518, 1529–31 (11th Cir.1992). Title VII defendants need only articulate a legitimate nondiscriminatory reason for the challenged action. *Texas Dept. of Community Affairs v. Burdine,* 450 U.S. 248, 254, 101 S.Ct. 1089, 1094, 67 L.Ed.2d 207 (1981). In addition to the burden of production,

Equal Pay Act defendants bear the burden of proof in justifying a pay inequality. *Schwartz,* 954 F.2d at 623.

**4.** Sheriff Bittick did not have actual control over setting the salaries of deputies. Instead, he recommended a figure to the Monroe County Commissioners. (Bittick Deposition, p. 17.)

pretextual. He reasoned that the deputies should not have to take a pay cut while performing the exact same job, with the same duties and responsibilities. While hindsight shows that this decision would create substantial inequalities over time, the reason was legitimate and not the result of a discriminatory motive. Importantly, once the deputies were brought into the Monroe County pay system they have been treated equally in that they receive across-the-board raises of the same percentage rate.

■ In this case, defendants proffered evidence demonstrating that the salary differential between plaintiff and Evans and Jones is based on a "factor other than sex" under 29 U.S.C. § 206(d)(1)(iv)—namely, prior experience in the Monroe County Sheriff's Department and prior salary in that position. Defendants have also explained the unusual circumstances and why prior experience and salary were used in this instance. The burden then shifted to plaintiff to produce specific evidence to infer pretext, in order to avoid having summary judgment entered against her. *Schwartz,* 954 F.2d at 623; *Plemer v. Parsons–Gilbane,* 713 F.2d 1127, 1137 (5th Cir.1983). Plaintiff argues that the reasons offered by defendants are subjective, not supported by the facts, and legally insufficient.

Other courts have been concerned that employers may assert prior salary as a pretext. *Kouba v. Allstate Ins. Co.,* 691 F.2d 873, 876 (9th Cir.1982). Here, however, the facts demonstrate that the Sheriff's reason was genuine. Except for Evans and Jones, Sheriff Bittick hired all deputies—regardless of training, experience, prior salary, or gender—at the same salary. Hiring Evans and Jones at a higher salary was exceptional and motivated by fairness rather than sexism. The unique circumstances surrounding hiring Evans and Jones is precisely why Congress could not describe the myriad reasons for differences in pay. Were Monroe County to raise plaintiff's salary this would truly violate the Equal Pay Act because Irby would be paid more than male deputies who have worked in the Monroe County Sheriff's Department significantly longer than she. The reasons for maintaining Evans' and Jones'

prior salaries may not seem necessary but they are not pretextual.

### *IV. CONCLUSION*

The summary judgment motions do not present issues of fact. Rather, the dispute focuses on the legal significance of the facts. Defendants have affirmatively shown that the pay disparity is due to a factor other than sex. 29 U.S.C. § 206(d)(1)(iv). Plaintiff argued that defendants have not met their burden, but she did not present evidence to rebut defendants' reasons. Accordingly, the court enters summary judgment against plaintiff on her cause of action under 29 U.S.C. § 206(d)(1). Defendants' motion for summary judgment is GRANTED. Plaintiff's motion for summary judgment is DENIED.

**SO ORDERED.**