United States Court of Appeals,

Eleventh Circuit.

No. 93-9205.

Barbara R. IRBY, Plaintiff-Appellant,

v.

John Cary BITTICK, In his capacity as Sheriff of Monroe County, Georgia and Monroe County, Georgia, Defendants-Appellees.

Feb. 13, 1995.

Appeal from the United States District Court for the Middle District of Georgia. (No. 92-CV-404-3-MAC (WDO)), Wilbur D. Owens, Jr., Chief Judge.

Before BIRCH and CARNES, Circuit Judges, and BLACKBURN [*], District Judge.

BIRCH, Circuit Judge:

This case focuses upon whether an employer adequately demonstrated that disparity in pay between two male employees and a female employee doing the same work was justified under the Equal Pay Act of 1963, 29 U.S.C. § 206 ("EPA"). On cross motions for summary judgment, the district court found that the employers proved that there were no genuine issues of material fact and that the employers were entitled to judgment as a matter of law. We AFFIRM.

I. FACTUAL AND PROCEDURAL BACKGROUND

In 1987, plaintiff-appellant Barbara R. Irby was hired by defendants-appellees, Sheriff John Cary Bittick and Monroe County, Georgia, to work for the Monroe County Sheriff's Department. She initially was assigned to undercover duty in the criminal

[*]Honorable Sharon Lovelace Blackburn, U.S. District Judge for the Northern District of Alabama, sitting by designation.

investigation division, one of three divisions within the Sheriff's Department.[1] After serving several months as an undercover agent, she was transferred to jail and radio room operations. Irby spent approximately eighteen months in this division before transferring to criminal investigations in November, 1989. The Sheriff's Department employs six investigators in the criminal investigations division; Irby is the only female investigator.[2]

In 1983, Sheriff Bittick, Monroe County and the City of Forsyth entered into a contract which stipulated that in exchange for criminal investigation services from the Sheriff's Department, the city would provide two investigators to work in the Department's investigation division. The city appointed Robert Jones and Ronald Evans. Jones and Evans's salaries were set and paid by the city. When the city terminated the contract in 1989, Jones and Evans were given the opportunity to continue as employees of the city; however, they instead elected to join the Sheriff's Department as county criminal investigators. Despite the change in employers, their job descriptions remained the same. Nevertheless, Jones and Evans were actually paid more by the county initially than they had been by the city, although the exact amount of the increase is unclear. In his deposition, Sheriff Bittick testified that overtime accrued by Evans and Jones in the previous year was inadvertently included in the base salary offered by the county.

[1]The other two divisions are jail and radio room operations (or support services) and patrol.

[2]There is a seventh investigator, who is male and is on assignment from the City of Forsyth by agreement between the city and the county. He is paid by the city, consequently, he is not considered in our analysis.

Therefore, their initial base salary with the county was the sum of their city base salary plus overtime. Consequently, investigators Jones and Evans are paid substantially more than investigator Irby.[3] It is this pay disparity that Irby challenges as a violation of the Equal Pay Act.[4]

Irby filed suit seeking injunctive relief, damages and a declaratory judgment under 29 U.S.C. § 206(d), 42 U.S.C. § 1983, and the Fourteenth Amendment to the United States Constitution. After discovery, Irby moved for summary judgment on her claim for declaratory judgment under the EPA. Sheriff Bittick and Monroe County filed a cross motion for summary judgment. The district court denied Irby's summary judgment motion and granted that of Sheriff Bittick and Monroe County. Irby appeals.

## II. DISCUSSION

A. *Summary Judgment*

We review the district court's grant of summary judgment in EPA cases *de novo. Mulhall v. Advance Sec., Inc.,* 19 F.3d 586, 589-90 (11th Cir.), *cert. denied,* --- U.S. ----, 115 S.Ct. 298, 130 L.Ed.2d 212 (1994). Summary judgment is properly granted if there

---

[3]Irby earned $15,757.00 in 1989. R1-22B-3. Jones and Evans were hired in 1989 at $23,987.50. R1-22B-2, 4. Irby earned $18,519.80 in 1993; Jones and Evans each earned $27,868.10. R1-22B-2-4. In 1993, Irby was paid the same as all other employees hired in 1987 who have not been promoted in rank. R1-22A-1. We do not, however, address whether the 1987 male hires are appropriate comparators under the EPA.

[4]Irby failed to raise the issue of the disparity in pay of her compared with other investigators in the division before the district court; accordingly, we do not address those differences here. As Irby conceded at oral argument, the only comparators for the purposes of this appeal are investigators Evans and Jones.

are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The court examines the substantive law involved to determine which facts are material. *Mulhall,* 19 F.3d at 590 (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 254, 106 S.Ct. 2505, 2510, 2513, 91 L.Ed.2d 202 (1986)). All reasonable doubts about facts are resolved in favor of the non-moving party. *Browning v. Peyton,* 918 F.2d 1516, 1520 (11th Cir.1990).

If the moving party bears the burden of proof at trial, it must demonstrate that "on all the essential elements of its case on which it bears the burden of proof at trial, no reasonable jury could find for the non-moving party." *United States v. Four Parcels of Real Property,* 941 F.2d 1428, 1438 (11th Cir.1991) (en banc). "Once a moving party has sufficiently supported its motion for summary judgment, the non-moving party must come forward with significant, probative evidence demonstrating the existence of a triable issue of fact." *Chanel, Inc. v. Italian Activewear, Inc.,* 931 F.2d 1472, 1477 (11th Cir.1991); *see* Fed.R.Civ.P. 56(e). The non-moving party cannot rely solely on its pleadings, Fed.R.Civ.P. 56(e); it "must do more than simply show that there is some *metaphysical doubt* as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586-87, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) (emphasis added). Under this rubric, we first review the burdens of proof in EPA cases and then examine whether summary judgment was properly granted.

B. *Burdens of Proof in EPA Cases*

A prima facie case of an EPA violation is shown if an

employer "pays different wages to employees of opposite sexes "for equal work on jobs ... [requiring] equal skill, effort, and responsibility, and which are performed under similar working conditions.' " *Corning Glass Works v. Brennan,* 417 U.S. 188, 195, 94 S.Ct. 2223, 2228, 41 L.Ed.2d 1 (1974) (quoting 29 U.S.C. § 206(d)(1)); *Mitchell v. Jefferson County Bd. of Educ.,* 936 F.2d 539, 547 (11th Cir.1991). Once a prima facie case is demonstrated, to avoid liability the employer must prove by a preponderance of the evidence, *Mulhall,* 19 F.3d at 590, that the differential is justified by one of four exceptions set forth in the EPA, *Corning Glass Works,* 417 U.S. at 196-97, 94 S.Ct. at 2229. Those exceptions are: "(i) a seniority system; (ii) a merit system; (iii) a system which measures earnings by quantity or quality of production; or (iv) a differential based on any other factor other than sex." 29 U.S.C. § 206(d)(1). The employer bears the burden of proof for these affirmative defenses, *Corning Glass Works,* 417 U.S. at 196-97, 94 S.Ct. at 2229; *Price v. Lockheed Space Operations Co.,* 856 F.2d 1503, 1505 (11th Cir.1988); *Meeks v. Computer Assocs. Int'l,* 15 F.3d 1013, 1018 (11th Cir.1994). The burden is a "heavy one," *Mulhall,* 19 F.3d at 590, because the "defendants must show that the factor of sex provided *no basis* for the wage differential," *id.* If the defendant fails to meet this burden, the court must enter judgment for the plaintiff. *Miranda v. B & B Cash Grocery Store,* 975 F.2d 1518, 1533 (11th Cir.1992). When the defendant overcomes the burden, the plaintiff must rebut the explanation by showing with affirmative evidence that it is pretextual or offered as a post-event justification for a

gender-based differential.  *Schwartz v. Florida Bd. of Regents,* 954 F.2d 620, 623 (11th Cir.1991) (per curiam);  *see Hodgson v. Behrens Drug Co.,* 475 F.2d 1041, 1045 (5th Cir.1973) (quoting *Shultz v. First Victoria Nat'l Bank,* 420 F.2d 648, 655 (5th Cir.1969)).  If plaintiff is able to create the inference of pretext, there is an issue which should be reserved for trial.

C. *Analysis*

Appellees do not dispute that Irby performs the same work involving identical skill, effort, responsibility, and working conditions, as Evans and Jones.  Therefore, Irby has set forth a prima facie case of an EPA violation.  We now consider whether appellees have carried their burden of proof on any of the affirmative defenses.  Appellees assert two justifications for the pay disparity at issue:  "a seniority system" and "factors other than sex."  They do not contend that the differential was justified by a merit system or by a production measurement system.

1. Seniority System

Whether a seniority system exists is a matter of law. *Mitchell,* 936 F.2d at 544 (examining a seniority system under § 703(h) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(h)).  The district court found that the Sheriff's Department did not maintain a seniority system justifying the salary difference between investigator Irby and investigators Evans and Jones.  *Irby v. Bittick,* 830 F.Supp. 632, 636 (M.D.Ga.1993). The court stated that "a seniority system, like a merit system, should be uniformly enforced and written."  *Id.* (citing *Brock v. Georgia Southwestern College,* 765 F.2d 1026, 1036 (11th Cir.1985)

(merit system)). We agree. If a seniority "system" based on longevity with the Sheriff's Department is to be relied upon as an affirmative defense, appellees must be able to identify standards for measuring seniority which are systematically applied and observed. *Cf. California Brewers Ass'n v. Bryant,* 444 U.S. 598, 606-09, 100 S.Ct. 814, 820-21, 63 L.Ed.2d 55 (1980) (requiring ancillary rules in order to constitute a valid seniority system under § 703(h) of Title VII); *Mitchell,* 936 F.2d at 544-45, 547 (rejecting a "seniority system" defense to both Title VII and EPA claims for failure to relate benefits to length of employment).

Appellees argue that transfers between divisions do not constitute promotions or demotions and that generally, pay is based solely upon year of hire by the Sheriff's Department. Under this "system," all investigators, patrol officers and support services officers are deputies and the only way to be promoted is through elevation in rank, such as, to sergeant, lieutenant or captain. Deputies who have worked with the department longer are supposed to earn more than those hired earlier.

Jones and Evans's compensation, however, disproves the existence of such a seniority system. Jones and Evans are paid more than deputies who were hired in 1979 and 1981, even though neither Jones nor Evans has been promoted, thus defeating the affirmative defense.[5] A seniority system should be applied fairly among all the members of the department unless there are defined exceptions which are known and understood by the employees. We

---

[5]Investigators Speir and Corley are paid less than Jones and Evans even though Speir was hired in 1979, and Corley was hired in 1981.

thus conclude as a matter of law that the Monroe County Sheriff's Department does not have in place "a seniority system" under the EPA justifying a variance in salary between employees of the opposite sex performing the same work.

2. Factors Other Than Sex

"Any other factor other than sex" is a general exception to application of the EPA. *See Glenn v. General Motors Corp.,* 841 F.2d 1567, 1571 (11th Cir.), *cert. denied,* 488 U.S. 948, 109 S.Ct. 378, 102 L.Ed.2d 367 (1988) (interpreting legislative history). In the past, we have found that such factors include "unique characteristics of the same job; ... an individual's *experience,* training or ability; or ... special exigent circumstances connected with the business." *Id.* (emphasis added).

Appellees argue that reference to Jones and Evans's prior salaries in setting the current salary is a legitimate factor other than sex.[6] The district court rejected this argument, explaining that "[i]f prior salary alone were a justification, the exception would swallow up the rule and inequality in pay among genders would be perpetuated." *Irby,* 830 F.Supp. at 636. We have consistently held that "prior salary alone cannot justify pay disparity" under the EPA. *Glenn,* 841 F.2d at 1571 & n. 9; *accord Price,* 856 F.2d at 1506. Appellees cannot defend paying Jones and Evans more than Irby simply because of the pay schedule of Jones and Evans's

---

[6]Appellees have suggested a number of factors other than gender, several of which were rejected implicitly by the district court, and we do not address them here.

previous employer.[7]  Therefore, we reject appellees' reliance on prior salary as a separate justification for the pay differential.

However, an Equal Pay Act defendant may successfully raise the affirmative defense of "any other factor other than sex" if he proves that he relied on prior salary *and* experience in setting a "new" employee's salary.  While an employer may not overcome the burden of proof on the affirmative defense of relying on "any other factor other than sex" by resting on prior pay alone, as the district court correctly found, there is no prohibition on utilizing prior pay as part of a mixed-motive;  for example, prior pay *and* more experience.  This court has not held that prior salary can never be used by an employer to establish pay, just that such a justification cannot solely carry the affirmative defense.  *See Glenn,* 841 F.2d at 1571 n. 9 ("*Kouba [v. Allstate Ins. Co.,* 691 F.2d 873 (9th Cir.1982) ] is consistent with the present case because the Ninth Circuit would permit use of prior salary where the prior job resembled the sales agent position and where Allstate relied on other available predictors.").  The question is whether "other business reasons ... reasonably explain the utilization of prior salary."  *Price,* 856 F.2d at 1506.  As demonstrated below, this case clearly presents other business reasons that justify use

---

[7]In fact, one of the investigators indicated that he "believe[d he] would have" accepted a reduction in pay if necessary to secure his position with the Monroe County Sheriff's Department.  R1-21-6-7.  Because Sheriff Bittick and Monroe County never discussed salary with Evans and Jones before putting them on the county payroll, appellees cannot rely upon prior salary alone to justify the pay variance.

of prior salary, principally, experience with the division.[8]

Appellees also support the pay disparity on the basis that Jones and Evans had greater experience than Irby, given that they have worked in the investigations division of the Monroe County Sheriff's Department since 1983.[9] Experience is an acceptable factor other than sex if not used as a pretext for differentiation because of gender.[10] *See Glenn*, 841 F.2d at 1571. Irby first attempts to refute appellees' claim as pretextual by arguing that their reasoning is too subjective to be rebutted. Business reasons, such as experience, are legitimate "factors other than sex" so long as they can be rebutted. *Schwartz*, 954 F.2d at 623-24. The defense of experience, however, is capable of being rebutted; for example, the plaintiff could show that he or she had equal or more experience of the same type. Time spent in a position equates with experience in the division; to gain experience one must necessarily spend time in an activity. Time is

_____

[8]This is not to suggest that the employer may rest his pay decisions on illegitimate grounds and then merely mask them by raising other, valid reasons. However, as noted *infra,* that burden of proof is on the plaintiff, and in this case, Irby failed to refute Sheriff Bittick's arguments that he relied on prior pay *and* experience in setting Evans and Jones's pay.

[9]Appellees are not relying on experience outside of the Sheriff's Department as a defense.

[10]For experience to be a legitimate "any other factor other than sex" affirmative defense it need not rise to the level of an established seniority system. *See Glenn,* 841 F.2d at 1571. The "factor other than sex" affirmative defense is a broad, catch-all exception to the Equal Pay Act, and should not be overly limited. *Id.* ("As it is impossible to list each and every exception, the broad general exclusion has also been included ... differences based on experience, training, or ability would also be excluded." (quoting H.R.Rep. No. 309, 88th Cong., 1st sess. 3, *reprinted in* 1963 U.S.C.C.A.N. 687, 689)).

a measurable quantity one can sufficiently rebut.  In this case, Evans and Jones have spent approximately five more years in the investigations division and four more years in the Sheriff's Department than has Irby.  Irby does not present any other facts which indicate that she has equal or more experience in the division or Sheriff's Department than Evans or Jones have.

Irby also contends that appellees' proffer of experience is pretextual because the value placed on experience is inconsistent. She observes that investigator Bush, who was also first assigned to the investigations division in 1983, earned approximately the same salary as Jones and Evans in 1989 and the same salary in 1993, even though Bush started with the Sheriff's Department in 1981, two years earlier.[11]  She also notes that the other two investigators in the division, Speir and Corley, were hired by the Sheriff's Department in 1979 and 1981, respectively;  however, both earn less than Evans and Jones.  Thus, Irby argues that appellees do not really value experience with the department but are offering a post-event justification for their actions.

Despite Corley and Speir's longevity with the Sheriff's Department, however, neither was assigned to the investigations division until 1989, the same year Irby was transferred to that division.[12]  Evans and Jones have greater experience in the *Monroe*

_____

[11]Bush earned approximately $23,989.00 in 1989 and $27,868.10 in 1993.  R1-22B-1.

[12]Speir was transferred into the investigations division in January, 1989;  Corley was transferred in August, 1989.  The earnings of Speir and Corley were not presented to the district court as comparators and argument relative to their salaries was inappropriately raised on appeal.

*County Sheriff's Department investigation division,* working with Sheriff Bittick and Captain John Wilkes, head of that division, than do Speir, Corley or Irby. With respect to the hiring of Evans and Jones, the sole comparators in this case, Irby was treated similarly to other deputies with less investigation experience than Evans and Jones. Accordingly, any claim that appellees' decision to pay Evans and Jones their previous salary was gender-based is refuted.[13]

Unique, long-term experience as an investigator in a single division constitutes a justification for pay difference under the EPA as part of the broad exception "any other factor other than sex." *See Glenn,* 841 F.2d at 1571. Appellees, as the moving parties, have shown that there are no genuine issues of material fact and that they are entitled to judgment as a matter of law.[14]

---

[13]The dissent believes that Sheriff Bittick conceded that Jones and Evans were not worth more pay than Irby, creating a genuine issue of material fact. The "concession" by Sheriff Bittick to which the dissent refers does not remark on Irby's or Evans and Jones's relative worth to Sheriff Bittick because of experience, but worth of male officers vis-a-vis female officers. Sheriff Bittick's statement is not a admission regarding experience, rather it indicates that he does not believe that male officers are inherently better officers than female officers. To interpret the statement as being an admission disregards Sheriff Bittick and Monroe County's defense and removes their argument from the context in which it was made. Sheriff Bittick and Monroe County were specifically countering the contention made by Irby that "Sheriff Bittick values *male* officers with whom he has worked with in the past" and that Sheriff Bittick "believes that Evans and Jones are "worth it' and [thus], conversely, that Irby is not." Appellant's Brief at 39. Irby's arguments were made solely with the implication that Sheriff Bittick believes that Irby is not "worth it" because she is a *female,* not because she has less experience than the other two officers. This is the crux of her Equal Pay Act case.

[14]Contrary to the dissent's position, there is not a genuine issue of material fact which must be tried by a jury. Sheriff Bittick stated unequivocally in his deposition that "Barbara

Irby failed to rebut adequately appellees' justification and thus, failed to raise a disputed material issue of fact.

## III. CONCLUSION

Irby challenges the district court's conclusion that Sheriff Bittick and Monroe County proved by a preponderance of the evidence that the pay disparity between investigator Irby and investigators Evans and Jones was justified as arising from a "factor other than sex" under the Equal Pay Act.  We conclude that appellees proved that they weighed the experience of Evans and Jones in the investigation division of the Sheriff's Department in setting their incoming salary at a higher level than investigator Irby's salary and that particular experience is a legitimate "factor other than sex" under the EPA.  Accordingly, the district court's grant of summary judgment to appellees is AFFIRMED.

CARNES, Circuit Judge, concurring in part and dissenting in part:

I agree with the majority's holding that Barbara Irby has

---

[Irby's] salary should not be as high as Pete [Jones] and Jocko [Evans's] because Pete [Jones] and Jocko [Evans] worked there from '83 until '87."  R1-17-82.  It is a fact that Evans and Jones have been in the department and in the division longer than Irby.  It is a fact that the investigations division is considered separately from other divisions, *see* R1-17-52-54, and employment in the division requires additional training and experience over and above the other divisions, R1-14-24, even though there was no formal pay raise system in place upon transfer to that division when Irby transferred in and despite the fact that Irby had some of the training required prior to entering the division, *see* R1-14-23-24.  It is fact that Sheriff Bittick relied on Evans and Jones's prior experience "working with him" in the investigations division. R1-17-80, 81, 82.  And it is a fact that as well as experience, Sheriff Bittick relied on Evans and Jones's prior salary as a guideline in setting their new salary. R1-17-16-17, 81.  These unrebutted facts, as a matter of law, require this court to find that there is no violation of the Equal Pay Act.  Irby simply failed to rebut these critical facts;  thus, she loses.

established a prima facie case of an Equal Pay Act violation, and that the substantial disparity between her pay and that of her two male comparators, Jones and Evans, cannot be justified based upon a seniority system.  I also agree with the majority insofar as it holds that the pay disparity cannot be justified for Equal Pay Act purposes on the basis that Jones and Evans had a higher salary when they transferred into the Sheriff's Department.

My disagreement with the majority is over its conclusion that Sheriff Bittick and the County (hereafter "the Sheriff") are entitled to summary judgment on the ground that the substantial pay disparity is based on the greater experience of the two male comparators.  Disparity in experience is a legitimate "factor other than sex" which can justify a disparity in pay.  However, I do not believe the Sheriff has carried his burden—which the majority correctly characterizes as a "heavy one"—of establishing that there is no genuine issue about whether the reason he pays Irby substantially less than he pays Jones and Evans is that their greater experience makes them worth more to him and his department.

For one thing, the Sheriff's own brief to this Court concedes that he does not believe that Jones and Evans are worth more pay than Irby is.  In his brief, the Sheriff states:

> Irby points to a statement made by Sheriff Bittick in his deposition that the initial compensation paid to Evans and Jones when they were placed in the Monroe County pay system at the beginning of 1989 was justified because Evans and Jones were "worth it."  Irby states in her brief that the clear implication of this statement was that in the Sheriff's view Investigator Irby was, and is, "not worth it."  Sheriff Bittick's statement makes no such implication.  *There is absolutely no evidence in the record to support the implication that Sheriff Bittick feels that Barbara Irby is in any way less valuable than Evans and Jones.  Contrary to Irby's assertions, Sheriff Bittick does not hold a subjective*

> *opinion that male officers Evans and Jones are worth more pay*
> *than female Officer Irby.*  (R1-22C-8-9).

Appellee's Brief at 33 (emphasis added).  The memorandum brief the

Sheriff filed in the district court made the same concession, and

contained verbatim the last three sentences quoted above.  (R1-22-

32) In view of the Sheriff's concession that he does not believe

that Jones and Evans are "worth more pay" than Irby is, the

district court might have granted summary judgment against the

Sheriff.  At the least, the court should not have granted summary

judgment in his favor.[1]

The second reason this Court should not affirm the grant of

summary judgment is that, even if we ignore the concession in the

Sheriff's brief, the record still reveals a genuine issue of

material fact about his motivation for the substantial pay

disparity.  The Sheriff's own deposition provides a basis for a

reasonable jury to find that instead of being based upon any

difference in experience, the pay disparity is actually based upon

the higher pay of Jones and Evans at the time they transferred into

the Sheriff's Department from the City Police Department.  As the

majority recognizes, under the law of this circuit, prior salary

---

[1]In footnote 2 of its opinion, the majority interprets the
Sheriff's concession as being confined entirely to Irby's
relative worth as a human being as distinguished from her worth
as a deputy.  But that is not what the Sheriff said both in the
district court and in this Court.  What he said is that there is
absolutely no evidence that he believes Irby is "in any way" less
valuable than Jones and Evans.  The majority would rewrite the
concession to say "in any way *except as a deputy sheriff.*"  The
Sheriff, who has been represented by competent counsel throughout
these proceedings, did not say what the majority would have had
him say.  We should decide the issue based upon what was said,
not what we would have said had we been the Sheriff or his
counsel.

continuation alone is not a legitimate factor other than sex which would justify a pay disparity.  We held that it is not in *Glenn v. General Motors Corp.,*  841  F.2d 1567, 1570 (11th Cir.), *cert. denied,* 488 U.S. 948, 109 S.Ct. 378, 102 L.Ed.2d 367 (1988); *accord, Miranda v. B & B Cash Grocery Store, Inc.,* 975 F.2d 1518 (11th Cir.1992) (approving the logic behind *Glenn*'s rejection of the argument that prior salary alone was a "factor other than sex").

When asked why Jones and Evans had been paid more than a starting salary when they went off the city payroll and onto the Sheriff Department's payroll, the Sheriff testified:  "I thought, you know—my recommendation was to pay them basically the same thing that they had been getting paid.  You know, *I didn't want them to take a pay cut, was basically the deal,* when they had already been working for me."  (Bittick Dep. at 16-17) (emphasis added)  The Sheriff explained that "my recollection of the salary thing was that *our intent was to pay them basically what they had made with the city so they would not lose any money there.*  "  (*Id.* at 77) (emphasis added)

The Sheriff did testify at one point in his deposition that "the biggest reason" that Jones and Evans were hired at a rate higher than entry level was that both of them had been working for him since 1983 and both were worth the money.  He said that the department had invested a lot of time in them, they had both been deputy sheriffs loyal to him, and they had worked hard for the department.  (Bittick Dep. at 78-79) Shortly after that testimony, the following transpired:

Q If you would give me each and every reason that Officers Evans and Jones are today paid more than Officer Irby?

A Because Pete [Jones] and them worked there from '83 until '88 or whenever. In other words, in my mind, Pete [Jones] and Jocko's [Evans] employment date with me, when Pete [Jones] and Jocko [Evans] were sworn deputy sheriffs and came to work for me under my supervision was 1983. I think Barbara [Irby] came in, what, '87, '88, whatever the year was. *But they were paid that because when they transferred over, our intent was to keep them from losing any money.* But if you'd asked me—in 1984 if you had come to me and asked me if Pete [Jones] and Jocko [Evans] worked for me, I would have said yes, just like I would say Barbara [Irby] works for me now.

Q Any other reason?

A Not that I can think of, I mean, without sitting here and thinking more about it.

(Bittick Dep. at 80-81) (emphasis added) Thereafter, in the last attempt in his deposition to explain the pay disparity, the Sheriff said that in his opinion Irby's salary should not be as high as Jones' and Evans' salaries because they had worked "there" from 1983 until 1987. He added that law enforcement officers as a whole are underpaid, and that Irby deserves and is worth more money than she is paid. (*Id.* at 82)

The Sheriff's deposition testimony is equivocal. It would permit a factfinder to find that he pays Jones and Evans more than Irby for any one of three reasons: because of their salary at the time they transferred onto the department's payroll, or because they have more experience, or because of a combination of those two factors. We know from the *Glenn* decision that the first reason is, as a matter of law, not a "factor other than sex." Accordingly, there is a genuine issue of material fact about whether the Sheriff

is entitled to judgment.[2]

The third reason Irby is entitled to have her case decided by a jury is that evidence in the record relating to the pay of other deputies also creates a genuine issue of material fact about whether pay is based upon experience. For example, even counting the time Jones and Evans spent with the City as time in the Department, there are two other Investigative Division deputies (Corley and Speir, both male) who have been with the Department longer than Jones and Evans, but who are paid less.[3] If pay is based upon experience with the Sheriff's Department, those other two deputies should be paid the same amount as, or more than, Jones and Evans. The undisputed fact that they are not is a basis upon which a reasonable jury could decide that pay within the Investigative Division of the Sheriff's Department is not based upon experience.

The majority's explanation for why Corley and Speir, the two more experienced deputies, are paid less than Jones and Evans is that what counts is not experience within the department but

[2]Three and one-half months after his deposition was taken, and more than a month after the discovery cutoff date, Sheriff Bittick filed a carefully drafted affidavit about his reasons for the pay disparity. Apparently, after the Sheriff's deposition his attorneys had read our *Glenn* decision. Their salvage efforts are unsuccessful, because a party cannot undo with a post-deposition affidavit a genuine issue of material fact created by that party's deposition testimony. *Cf., Van T. Junkins & Assoc., Inc. v. United States Industries, Inc.,* 736 F.2d 656, 657 (11th Cir.1984) ("When a party has given clear answers to unambiguous questions which negate the existence of any genuine issue of material fact, that party cannot thereafter create such an issue with an affidavit that merely contradicts, without explanation, previously given clear testimony.").

[3]Although paid less than Jones and Evans, Deputies Corley and Speir are paid more than Deputy Irby.

experience within a particular division, such as the Investigative Division.  Because those other two deputies have not been within the Investigative Division of the Sheriff's Department as long as Jones and Evans, the majority reasons that everything fits the theory that experience within a particular division is what counts.  The principal problem with the majority's theory is that the evidence in the record does not establish beyond genuine dispute the theory that pay is based upon experience within a particular division.[4]

The Sheriff never said, during his deposition or in his post-deposition affidavit, that pay is determined by length of service within a particular division instead of within the department as a whole.  Indeed, he clearly stated just the opposite.  In his affidavit, the Sheriff swore that:  "deputies with the same rank are paid the same amount if their length of service *with my department* is similar.  Conversely, deputies with the same rank are paid a different amount if their length of service *with my department* is different."  (emphasis added) We know from the fact that Corley and Speir are paid less than Jones and Evans, that that explanation is not true.[5]  Moreover, if experience within a particular division were the criterion for pay, one would expect that a deputy transferred to another division and thus

---

[4]It is not clear to me that the Sheriff has even argued that experience within the investigative division instead of within the department as a whole determines pay.  However, assuming that he has made the argument, the evidence does not establish that proposition as a fact about which there is no genuine dispute.

[5]All five deputies—Irby, Jones, Evans, Corley, and Speir—are of the same rank.

beginning with no experience at all in that new division would suffer a decrease in pay.  Not so, as the Sheriff said in his affidavit:

> An assignment or transfer is not considered to be a promotion, and no raise in pay is given by virtue of any particular assignment.  For example, a deputy may be assigned from the Patrol Division to the Investigative Division, and there is *no increase in pay or change in pay,* even though the duties may be different.  Conversely, a deputy may be assigned from the Investigations Division to the Support Services Division with *no change in pay,* and such change in assignment is not considered a promotion or a demotion.

(emphasis added)

Because the record does not support, and indeed rebuts, the majority's theory about why Jones and Evans receive greater pay compared to those in the Investigative Division with longer service in the Sheriff's Department, there is a genuine issue of material fact as to why Jones and Evans are paid more than Irby.  The one explanation that fits all the facts and explains all the disparities is that the pay of Jones and Evans is greater than the pay of other deputies solely because of the prior salary that they had received from the City.  If that is true, then Irby is due to prevail on her claim.  Because there is a genuine issue of fact about whether that explanation is true, summary judgment should not have been granted.

It may be that Barbara Irby would lose if allowed to go to trial.  Nonetheless, because her case turns on a genuine issue of material fact, she is entitled to have the fate of her case decided by a jury instead of by jurists.  The majority's affirmance of the grant of summary judgment deprives her of that entitlement.  I dissent.