CARNES, Circuit Judge,
concurring in part and dissenting in part:
I agree with the majority’s holding that Barbara Irby has established a prima facie case of an Equal Pay Act violation, and that the substantial disparity between her pay and that of her two male comparators, Jones and Evans, cannot be justified based upon a seniority system. I also agree with the majority insofar as it holds that the pay disparity cannot be justified for Equal Pay Act purposes on the basis that Jones and Evans had a higher salary when they transferred into the Sheriffs Department.
My disagreement with the majority is over its conclusion that Sheriff Bittick and the County (hereafter “the Sheriff’) are entitled to summary judgment on the ground that the substantial pay disparity is based on the greater experience of the two male comparators. Disparity in experience is a legitimate “factor other than sex” which can justify a disparity in pay. However, I do not believe the Sheriff has carried his burden — which the majority correctly characterizes as a “heavy one” — of establishing that there is no genuine issue about whether the reason he pays Irby substantially less than he pays Jones and Evans is that their greater experience makes them worth more to him and his department.
*958 For one thing, the Sheriffs own brief to this Court concedes that he does not believe that Jones and Evans are worth more pay than Irby is. In his brief, the Sheriff states:
Irby points to a statement made by Sheriff Bittick in his deposition that the initial compensation paid to Evans [1] and Jones when they were placed in the Monroe County pay system at the beginning of 1989 was justified because Evans and Jones were “worth it.” Irby states in her brief that the clear implication of this statement was that in the Sheriffs view Investigator Irby was, and is, “not worth it.” Sheriff Bittick’s statement makes no such implication. There is absolutely no evidence in the record to support the implication that Sheriff Bittick feels that Barbara Irby is in any way less valuable than Evans and Jones. Contrary to Irby’s assertions, Sheriff Bittick does not hold a subjective opinion that male officers Evans and Jones are worth more pay than female Officer Irby.
(emphasis added) The memorandum brief the Sheriff filed in the district court made the same concession, and contained verbatim the last three sentences quoted above. In view of the Sheriffs concession that he does not believe that Jones and Evans are “worth more pay” than Irby is, the district court might have granted summary judgment against the Sheriff. At the least, the court should not have granted summary judgment in his favor.[1]
The second reason this Court should not affirm the grant of summary judgment is that, even if we ignore the concession in the Sheriffs brief, the record still reveals a genuine issue of material fact about his motivation for the substantial pay disparity. The Sheriffs own deposition provides a basis for a reasonable jury to find that instead of being based upon any difference in experience, the pay disparity is actually based upon the higher pay of Jones and Evans at the time they transferred into the Sheriffs Department from the City Police Department. As the majority recognizes, under the law of this circuit, prior salary continuation alone is not a legitimate factor other than sex which would justify a pay disparity. We held that it is not in Glenn v. General Motors Corp., 841 F.2d 1567, 1570 (11th Cir.), cert. denied, 488 U.S. 948, 109 S.Ct. 378, 102 L.Ed.2d 367 (1988); accord Miranda v. B & B Cash Grocery Store, Inc., 975 F.2d 1518 (11th Cir.1992) (approving the logic behind Glenn’s rejection of the argument that prior salary alone was a “factor other than sex”).
When asked why Jones and Evans had been paid more than a starting salary when they went off the city payroll and onto the Sheriff Department’s payroll, the Sheriff testified: “I thought, you know — my recommendation was to pay them basically the same thing that they had been getting paid. You know, I didn’t want them to take a pay cut, was basically the deal, when they had already been working for me.” (emphasis added) The Sheriff explained that “my recollection of the salary thing was that our intent was to pay them basically what they had made with the city so they would not lose any money there.” (emphasis added)
The Sheriff did testify at one point in his deposition that “the biggest reason” that Jones and Evans were hired at a rate higher than entry level was that both of them had been working for him since 1983 and both were worth the money. He said that the department had invested a lot of time in them, they had both been deputy sheriffs loyal to him, and they had worked hard for the department. Shortly after that testimony, the following transpired:
*959 Q If you would give me each and every reason that Officers Evans and Jones are today paid more than Officer Irby?
A Because Pete [Jones] and them worked there from ’88 until ’88 or whenever. In other words, in my mind, Pete [Jones] and Jocko’s [Evans] employment date with me, when Pete [Jones] and Jocko [Evans] were sworn deputy sheriffs and came to work for me under my supervision was 1983. I think Barbara [Irby] came in, what, ’87,-’88, whatever the year was. But they were paid that because when they transferred over, our intent was to keep them from losing any money. But if you’d asked me — in 1984 if you had come to me and asked me if Pete [Jones] and Jocko [Evans] worked for me, I would have said yes, just like I would say Barbara [Irby] works for me now.
Q Any other reason?
A Not that I can think of, I mean, -without sitting here and thinking more about it.
(emphasis added) Thereafter, in the last attempt in his deposition to explain the pay disparity, the Sheriff said that in his opinion Irby’s salary should not be as high as Jones’s and Evans’s salaries because they had worked “there” from 1983 until 1987. He added that law enforcement officers as a whole are underpaid, and that Irby deserves and is worth more money than she is paid.
The Sheriffs deposition testimony is equivocal. It would permit a factfinder to find that he pays Jones and Evans more than Irby for any one of three reasons: because of their salary at the time they transferred onto the department’s payroll, or because they have more experience, or because of a combination of those two factors. We know from the Glenn decision that the first reason is, as a matter of law, not a “factor other than sex.” Accordingly, there is a genuine issue of material fact about whether the Sheriff is entitled to judgment.[2]
The third reason Irby is entitled to have her case decided by a jury is that evidence in the record relating to the pay of other deputies also creates a genuine issue of material fact about whether pay is based upon experience. For example, even counting the time Jones and Evans spent with the City as time in the Department, there are two other investigations division deputies (Corley and Speir, both male) who have been with the Department longer than Jones and Evans, but who are paid less.[3] If pay is based upon experience with the Sheriffs Department, those other two deputies should be paid the same amount as, or more than, Jones and Evans. The undisputed fact that they are not is a basis upon which a reasonable jury could decide that pay within the investigations division of the Sheriffs Department is not based upon experience.
The majority’s explanation for why Corley and Speir, the two more experienced deputies, are paid less than Jones and Evans is that what counts is not experience within the Department but experience within a particular division, such as the investigations division. Because those other two deputies have not been within the investigations division of the Sheriffs Department as long as Jones and Evans, the majority reasons that everything fits the theory that experience within a particular division is what counts. The principal problem with the majority’s theory is that the evidence in the record does not establish beyond genuine dispute the theory *960 that pay is based upon experience within a particular division.[4]
The Sheriff never said, during his deposition or in his post-deposition affidavit, that pay is determined by length of service within a particular division instead of within the Department as a whole. Indeed, he clearly stated just the opposite. In his affidavit, the Sheriff swore that: “deputies with the same rank are paid the same amount if their length of service with my department is similar. Conversely, deputies with the same rank are paid a different amount if their length of service with my department is different.” (emphasis added) We know from the fact that Corley and Speir are paid less than Jones and Evans, that that explanation is not true.[5] Moreover, if experience within a particular division were the criterion for pay, one would expect that a deputy transferred to another division and thus beginning with no experience at all in that new division would suffer a decrease in pay. Not so, as the Sheriff said in his affidavit:
An assignment or transfer is not considered to be a promotion, and no raise in pay is given by virtue of any particular assignment. For example, a deputy may be assigned from the Patrol Division to the Investigative Division, and there is no increase in pay or change in pay, even though the duties may be different. Conversely, a deputy may be assigned from the Investigations Division to the Support Services Division with no change in pay, and such change in assignment is not considered a promotion or a demotion,
(emphasis added)
Because the record does not support, and indeed rebuts, the majority’s theory about why Jones and Evans receive greater pay compared to those in the investigations division with longer service in the Sheriffs Department, there is a genuine issue of material fact as to why Jones and Evans are paid more than Irby. The one explanation that fits all the facts and explains all the disparities is that the pay of Jones and Evans is greater than the pay of other deputies solely because of the prior salary that they had received from the City. 'If that is true, then Irby is due to prevail on her claim. Because there is a genuine issue of fact about whether that explanation is true, summary judgment should not have been granted.
It may be that Barbara Irby would lose if allowed to go to trial. Nonetheless, because her case turns on a genuine issue of material fact, she is entitled to have the fate of her ease decided by a jury instead of by jurists. The majority’s affirmance of the grant of summary judgment deprives her of that entitlement. I dissent.

. In footnote 13 of its opinion, the majority interprets the Sheriffs concession as being confined entirely to Irby’s relative worth as a human being as distinguished from her worth as a deputy. But that is not what the Sheriff said both in the district court and in this Court. What he said is that there is absolutely no evidence that he believes Irby is "in any way” less valuable than Jones and Evans. The majority would rewrite the concession to say “in any way except as a deputy sheriff.” The Sheriff, who has been represented by competent counsel throughout these proceedings, did not say what the majority would have had him say. We should decide the issue based upon what was said, not what we would have said had we been the Sheriff or his counsel.

. Three and one-half months after his deposition was taken, and more than a month after the discovery cutoff date, Sheriff Bittick filed a carefully drafted affidavit about his reasons for the pay disparity. Apparently, after the Sheriff's deposition his attorneys had read our Glenn decision. Their salvage efforts are unsuccessful, because a party cannot undo with a post-deposition affidavit a genuine issue of material fact created by that party's deposition testimony. Cf. Van T. Junkins & Assoc., Inc. v. United States Indus., Inc., 736 F.2d 656, 657 (11th Cir.1984) ("When a party has given clear answers to unambiguous questions which negate the existence of any genuine issue of material fact, that party cannot thereafter create such an issue with an affidavit that merely contradicts, without explanation, previously given clear testimony.”).

. Although paid less than Jones and Evans, Deputies Corley and Speir are paid more than Deputy Irby.

. It is not clear to me that the Sheriff has even argued that experience within the investigations division instead of within the Department as a whole determines pay. However, assuming that he has made the argument, the evidence does not establish that proposition as a fact about which there is no genuine dispute.

. All five deputies — Irby, Jones, Evans, Corley, and Speir — are of the same rank.