**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

SARA BA,

         Plaintiff-Appellant,

  v.

US DEPARTMENT OF HOMELAND
SECURITY OFFICE OF EQUAL
EMPLOYMENT OPPORTUNITY AND
INCLUSION; U.S. DEPARTMENT OF
HOMELAND SECURITY; ALEJANDRO
N. MAYORKAS, Secretary of the
Department of Homeland Security,

         Defendants-Appellees.

No.   22-35933

D.C. No. 3:21-cv-00720-MO

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, District Judge, Presiding

Submitted May 10, 2024[**]
San Francisco, California

Before: O'SCANNLAIN, FERNANDEZ, and SILVERMAN, Circuit Judges.

---

    [*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Plaintiff Sara Ba appeals pro se from the district court's judgment dismissing his action as a sanction for his discovery misconduct. *See* Fed. R. Civ. P. 37(b)(2)(A)(v). We review for abuse of discretion,[1] and we affirm.

The district court did not abuse its discretion in dismissing Ba's action because Ba willfully[2] engaged in evasive conduct at two depositions and refused to comply with the court's order that he answer questions. *See Toth*, 862 F.2d at 1385; *see also Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007). Ba's misconduct consumed time that the district court could have devoted to other matters, prejudiced the defense, and persisted despite the district court's warning that his action could be dismissed. *See Pagtalunan v. Galaza*, 291 F.3d 639, 642–43 (9th Cir. 2002); *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1412 (9th Cir. 1990); *Toth*, 862 F.2d at 1385. Moreover, Ba did not argue—in the district court or on appeal—that any alternative sanction would have secured his compliance with the Federal Rules[3] and the court's order. *See Moneymaker v. CoBen (In re Eisen)*, 31 F.3d 1447, 1455 (9th Cir. 1994); *Anderson*

---

[1] *See Toth v. Trans World Airlines, Inc.*, 862 F.2d 1381, 1385 (9th Cir. 1988); *see also United States v. Hinkson*, 585 F.3d 1247, 1261–63 (9th Cir. 2009) (en banc).

[2] *See Jorgensen v. Cassiday*, 320 F.3d 906, 912 (9th Cir. 2003).

[3] *See, e.g.*, Fed. R. Civ. P. 26(a)(3)(A)(i)–(ii), 26(b)(1), 30(c)(2).

*v. Air W., Inc.*, 542 F.2d 522, 525–26 (9th Cir. 1976). The record thus supports the district court's conclusion that dismissal was appropriate under our five-factor test. *See Conn. Gen. Life Ins. Co.*, 482 F.3d at 1096–97; *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990–92 (9th Cir. 1999).

We do not consider arguments raised for the first time on appeal or matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 & n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**